FILED

JF 550

JAN 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT 42 U.S.C § 1983**

2  Name _BloodSAW    Theopric    K._

3      (Last)                (First)                (Initial)

4  Prisoner Number _N/A_

5  Institutional Address _PBSP, ASU-EI, P.O. Box 7500_
6  _CrescentCity, CA. 95532_

7              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**

8  _BloodSAW Theopric_                        **JF**
9  (Enter the full name of plaintiff in this action.)
                                    _et al_
10                vs.                 Case No. **CV  08    0742**
                                    (To be provided by the Clerk of Court)
11  _Woodford  J.S._
                                    **COMPLAINT UNDER THE**
12  _Foss  M._                       **CIVIL RIGHTS ACT,**   **(PR)**
                                    **Title 42 U.S.C § 1983**
13  _Roberts  S._

14  _Melton  D._
    (Enter the full name of the defendant(s) in this action)
15                                 **E-filing**

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.    Exhaustion of Administrative Remedies.

18       [**Note:** You must exhaust your administrative remedies before your claim can go

19       forward.  The court will dismiss any unexhausted claims.]

20       A.    Place of present confinement _PBSP_

21       B.    Is there a grievance procedure in this institution?

22             YES (✓)    NO ( )

23       C.    Did you present the facts in your complaint for review through the grievance

24             procedure?

25             YES (✓)    NO ( )

26       D.    If your answer is YES, list the appeal number and the date and result of the

27             appeal at each level of review.  If you did not pursue a certain level of appeal,

28             explain why.

COMPLAINT                        - 1 -

1. Informal appeal *Denied second level review for malice reasons third level was denied for the same reason malice they*

2. First formal level *have failed to meet jurisdiction requirements. Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM*

3. Second formal level *U.S. 320 (pp. 219 to end) U.S. 321-322 III Particular circumstance under which exhaustion of state*

4. Third formal level *remedies is or is not necessary.*

*CV-00752-JF-550*

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (✓)    NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why._____

_____

_____

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

*Bloodsaw Theopric, PBSP, ASU-El, P.O. Box 7500, Crescent City, CA. 95532*

_____

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

*Woodford J.S., Warden, San Quentin;*

COMPLAINT                    - 2 -

1  Foss M., Captain, PBSP; Roberts S., Tea-
2  cher, PBSP; Melton D., Correctional Cou-
3  nselor I, PBSP;

4  _____

5  III.    Statement of Claim.

6      State here as briefly as possible the facts of your case.  Be sure to describe how each

7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  Woodford J.S., Warden 12-22-99 U.S.C. Amendme-
11  nts I-IV-V-VIII-XIII-XIV Lack of Jurisdiction
12  Over Subject Matter, Deprivation of Rights, Hara-
13  ssment. Foss M., Captain 2-24-04 U.S.C. Ame-
14  ndments I-IV-V-VIII-XIII-XIV Lack of Jur-
15  isdiction Over Subject Matter, Deprivation of
16  Rights, Harassment. Roberts S., Teacher 2-24-
17  04 U.S.C. Amendments I-IV-V-VIII-XIII-XIV
18  Lack of Jurisdiction Over Subject Matter. Depr-
19  ivation of Rights, Harassment. Melton D., CCI 2-
20  24-04 U.S.C. Amendments I-IV-V-VIII-XIII-XIV
21  Lack of Jurisdiction Over Subject Matter, Deprive-
22  d of Rights, Harassment.

23  IV.    Relief.

24      Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26  I am asking the court for monetary just compe-
27  nsation for punitive and liability damages.
28  I am asking the court for a permanent injunc-

COMPLAINT                              - 3 -

1  tion for procuring cruel and unusual punish-
2  ments. I am legally and medically entitle to s-
3  ingle cell housing my constitutional an civil
4  right have been violated.

5    I declare under penalty of perjury that the foregoing is true and correct.

6

7    Signed this _14_ day of _January_, 20_08_

8

9                    _T. Bloodsaw_

10                        (Plaintiff's signature)

COMPLAINT                    - 4 -

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, *BloodsAW Theopric* am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the __*14*__ day of __*Jan.*__, in the year of 20_*08*_ I served the following documents: (set forth the exact title of documents served)

*Civil Rights Complaint 42 U.S.C. 1983 and Exhibits*

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

*U.S. District Court*                *94102*
*Northern Dist. of CA.*
*450 Golden Gate*
*Ave.*
*San Francisco, CA.*

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __*14*__ day of __*Jan.*__, 20_*08*_.

Signed: _____*T. Bloodsaw*_____
(Declarant Signature)

Rev. 12/06





STATE OF CALIFORNIA -DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 17, 2007

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0713564       STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

November 13, 2007

***BLOODSAW, P20045***
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

***You have submitted an appeal that duplicates a previous appeal upon which a decision has
been rendered or is pending (CCR 3084.3(c)(2)).***

***DUPLICATE    APPEAL    REGARDING    UNPROFESSIONAL    CONDUCT    AND
UNNECESSARY FORCE DURING 4-12-07 INCIDENT.   FF-07-0018, APPEAL # A-07-
00975.***

Appeals Coordinator
Pelican Bay State Prison

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be
automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be
appealed.  If you believe this screen out is in error, please return this form to the Appeals
Coordinator with an explanation of why you believe it to be in error, and supporting
documents.  You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

NOV 1 2 2007

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2.

Log No.
1.
2.

Category: 715

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Bloodsaw Theopric   NUMBER: P20045   ASSIGNMENT: ___   UNIT/ROOM NUMBER: ASU-E1

A. Describe Problem: Classification staff representative actions I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. You have unlawfully use fraudulent documents against me since my arrival at PBSP to deprive me of my privileges an benefits. Your CDC 128G's an CDC 115's are fraudulent an slanderous. You have falsely accused me of being a program failure and forced me in

If you need more space, attach one additional sheet.

~~Solution Requested:~~ a BMU, you have made false statements that I was clear for double celling PBSP had no legal authority to accept me on my arrival. On 11-8-02 I was unlawfully arrested as a parole violator P.C.5011. a parole warrant is P.C.3056. their is no felony

Inmate/Parolee Signature: T. Bloodsaw   Date Submitted: 11-13-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: Bypass - informal review not required

Staff Signature: ___   Date Returned to Inmate: ___

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

an C/O Northrup L. 4-12-07 approximately two weeks prior to that attack I was attacked by Sergeant Pepiot an C/O Holmes in cell B8-209 that attack was a favor for the Southern Hispanics an Blood gang members to move me to cell B8-101. 3000.Defini-

Signature: T. Bloodsaw   Date Submitted: 11-13-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

NOV 13 2007
16

CV-00752-JF-550

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*Wilter C., Appeals Coordinator your statements are false. 78 S. Ct. 1332, 357 U.S. 513 Speiser v. Randall (1958) 83 S. Ct. 1790, 374 U.S. 398 Sherbert v. Verner (1963) 90 S. Ct. 1011, 397 U.S. 254 Goldberg v. Kelly (1970)    CV-00752-JF-550*

Signature: *T. Blossom*    Date Submitted: *11-14-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*92 S. Ct. 2593, 408 U.S. 471 Morrissey v. Brewer (1972) 41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 87 S. Ct. 1737, 387 U.S. 541 See v. City of Seattle (1967) 3273. Acceptance and Surrender of Custody. 3271. Responsibility of Employees. 72 S. Ct. 205, 342 U.S. 165 Rochin v. California (1952) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875) 3075. Initial Intake. 3375. C.S.R.*

Signature: *T. Blossom*    Date Submitted: *11-16-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0713564

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | | 1. _____ | _____ |
| 2. _____ | | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME **BloodsAw Theopric**    NUMBER **P20045**    ASSIGNMENT    UNIT/ROOM NUMBER **ASU-E1**

A. Describe Problem: Complaint P.C. 872. endorsed against me on case No. YA053506. CDC No. P20045 is a fraudulent unlawful CDC No. legally an medically Im entitle to single cell housing. On your CDC 128G's an CDC 115's you have justified your malice by saying there are no due process issues when you are in violation of the constitutions of the U.S. I am a disable person with permanent disabilities that I suffer from daily I was unlawfully attacked while in BMU by C/o Thom J., C/o Holmes T.,

If you need more space, attach one additional sheet.

B. Action Requested: That the classification committee show jurisdiction requirements according to the U.S.C. Amendments if they can. I am asking them to grant me my single cell housing privileges an benefits that Im entitle to Fed. R. 242 Deprivation etc.

Inmate/Parolee Signature: **T. Bloodsaw**    Date Submitted: **11-13-07**

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

Staff Signature: _____    Date Returned to Inmate: _____

*[stamp: A. APPEALS BRANCH — RECEIVED NOV 19 2007]*

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

tions. 3901.17.2. Criteria For Placement of Parole Hold. 3377.1. Inmate Custody Designations. 26 S.Ct. 282, 200 U.S. 321 U.S. v. Detroit Timber & Lumber Co. (1906) 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965) 3084.7. Exceptions to the Regular etc.

Signature: **T. Bloodsaw**    Date Submitted: **11-13-07**

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

CV-00752-JF-550

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____

Division Head Approved: _____    Title: _____    Date Completed: _____

Signature: _____    Title: _____    Returned

                                                                         Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.*
*S. 320 (pp. 219 to end) U.S. 321 - 322 III Particular circumstan-*
*ce under which exhaustion of state remedies is or is*
*not necessary. 6 S. Ct. 734, 117 U.S. 241 Ex parte Royall (1886)*

Signature: _____ T. Bloodsaw _____    Date Submitted: 11-14-07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____

Warden/Superintendent Signature: _____    Date Completed: _____

                                                              Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*3075.1. Intake Processing. 3075.3. Discharge Certificates. 97*
*U.S. 652, 97 U.S. 652 Barney v. Dolph (1878) 9 S. Ct. 122, 128 U.S.*
*456 Cornelius v. Kessel (1888) 80 S. Ct. 412, 361 U.S. 516 Bates v.*
*City of Little Rock (1960) 118 Cal. Rptr. 120, 43 Cal. App. 3d 809*
*Chambers v. Municipal Court (1974) 96 S. Ct. 1848, 425 U.S. 738 Hos-*
*pital Bldg. Co. v. Trustees of Rex Hospital (1976) 3085. A.D.A.*

Signature: _____ T. Bloodsaw _____    Date Submitted: 11-16-07

For the Director's Review, submit all documents to: Director of Corrections
                                                     P.O. Box 942883
                                                     Sacramento, CA 94283-0001
                                                     Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)

                                                              Date: _____

| NO: P-20045 | NAME: BLOODSAW, Theopric | | HSG: A2-109L |
|---|---|---|---|
| Custody: CLO BS | CS: 87 (IV)   C/C EFF 8/3/05 | Assignment: U/A | |
| RelDate: EPRD 12/24/19 | Reclass: 6/2006 | Action: AFFIX "S" SUFFIX; RETAIN C/C | |

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.** As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C.** Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05. S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up, I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON: D. SWEARINGEN/FC(A)                      S. WALCH/CCII(A)                      RECORDER: M. THORNTON/CCI

| CC: ☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐C&PR ☐OTHER _____ | ☒128-C2 in C-file |
|---|---|
| Committee Date: 10/18/05   (THORNTON/jw)   Classification   FAC-A  UCC/REVIEW | Inst: PBSP |

48

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

**NO: P-20045**  **NAME: BLOODSAW, Theopric**
Custody: CLO B    CS: 93 (IV)    C/C Eff. 07/14/04
RelDate: EPRD 12/24/2019    Reclass: 01/03/07

**Housing: B8-209**
Assignment: BMU
**Action: REAFFIRM PLACEMENT IN BMU FOR 90 DAYS.
RETAIN ON STEP# 1 OF ITP.  CONTINUE
C/C EFFECTIVE 07/14/04.  D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for Program Review.  Committee notes CDC 128C, Madrid Exclusionary, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File.  Prior to Committee Correctional Officer Thom was assigned as a staff assistant and was present during Committee.  The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less.  Committee notes S has a RGPL of 3.3.  Effective communication was achieved using short sentences and simple English and S appeared to understand.  Committee notes that S has received disciplinaries dated 10/17/06, 11/14/06, 11/16/06, and 11/21/06, for Refusing to Attend BMU Classes.  S additionally received a 128A dated 10/25/06 for Refusing to Accept a Cellie during this 30 day review.  Placement score is a current Level IV score of 93 points.  Mandatory minimum score of 19 is noted for VIO.  S was advised to notify staff immediately of any enemy situation which may arise.  S is approved for 270 design facilities.  **Committee acts to reaffirm S in the BMU program for 90 days and retain on Step # 1 of Individual Treatment Plan (ITP) for 30 days based on S's nonparticipation in the required BMU classes and not remaining disciplinary free.  Committee also acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.  S was reviewed and cleared for double celling.**  S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments.  S participated in Committee, acknowledged understanding and disagreed with Committee action, stating "What about my 602's. I will see you all in Court."  UCC explained that his appeals were being processed and that he needed to follow the BMU program requirements to be released to the general population.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071.  PC 2933 and 2930 complied with.  S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, Classification chrono, or not.  Next scheduled Committee will be on 01/03/07 for Program Review.  Next scheduled Annual Committee will be in 06/2007.

CHAIRPERSON: BABELL/FC (A)    S. WALCH/CCII    S. ROBERTS/EDUCATION    RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date:    11/29/06    (MELTON/ew)    Classification    **BMU**/UCC    **PROGRAM REVIEW**    Inst: **PBSP**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev 12/91)

NO: P-20045                    NAME: BLOODSAW, Theopric          BED/CELL: B8 –209
Custody: CLO B                 CS: 93 (IV)         C/C EFF: 07/14/04    Assignment: BMU
RelDate: EPRD 12/24/2019                           Reclass: 01/31/07   Action:    REAFFIRM BMU PLACEMENT. RETAIN STEP
                                                                                  # 1 OF ITP FOR 30 DAYS.  CONTINUE
                                                                                  WG/PG      C/C    EFFECTIVE    07/14/04.
                                                                                  D/C CLEAR.

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review.  Committee notes
CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care.  DDP Review: 128C-2 in Central File and is clear noting NCF.
Committee notes S has RGPL of 3.3.  Committee notes S has RGPL of 3.5.  Prior to Committee Correctional Officer Thom was assigned as staff
assistant and was present during Committee.  The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less.  Effective
communication was achieved using short sentences and simple English, and S appeared to understand.  S was advised to notify staff immediately of
any enemy situation that may arise.  Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed.  S can be
housed with Black ethnic groups.  Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to
accept a cellie.  S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points.  Committee further notes S was initially
placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15,
Section, 3000.** Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU
classes during this 30 day period.  S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2.
**Step # 1** Privileges include, but are not limited to:

   ❖  WG/PG C/C status.

   ❖  Emergency telephone call only.

   ❖  One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

   ❖  A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group
       activities as limited by physical design and local institution security and facility needs.

   ❖  Non-contact visits, if eligible; and with approved visitors only.

   ❖  If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately
30 days.  Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.  S was reviewed and
cleared for double celling, noting no history of in-cell violence.  S participated in Committee, acknowledged understanding, and disagreed with
Committee action, stating** "I am nobody's child.  I am 48 years old.  I'm not going to the classes; I have a choice not to go!" **S has been advised that
he must remain disciplinary free and complete the selected behavior modification assignments as directed, prior to being considered for release from
the BMU to the general population (GP).  S's case will be reviewed by UCC, in approximately 30 days for future program modifications.  S is eligible
to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071.
PC 2933 and 2930 has been complied with.  S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee
action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not.  Next
scheduled 30 day Program Review will be on 01/31/07.  Next scheduled Annual Review will be in 06/07.**

CHAIRPERSON: J. ROBERTSON/FC (A)     J. BROWMAN/CCII (A)      S. ROBERTS/EDUCATION     RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER_____

Committee Date: 01/03/07     (MELTON/ew)    Classification        BMU/UCC        PROGRAM REVIEW        Inst: PBSP

**CDCR#: P-20045**
Custody: CLOB
Rel Date: EPRD 12/24/2019

**NAME: BLOODSAW, Theopric**
CS: 93  (1V)
C/C Eff. 07/14/04
Reclass: 02/27/07

Housing: B8-209L
Assignment: BMU STEP #1
**Action:    REAFFIRM BMU PLACEMENT**
**90 DAYS. RETAIN ON STEP # 1**
**30 DAYS.  CONTINUE  WG/PG**
**C/C EFF. 07/14/04.  D/C CLEAR**

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has an RGPL of 3.3. Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, Correctional Officer J. Thom present during Committee. The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less. S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise.  Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed.  S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie. Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied.  S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.**  Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations.  S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07.  Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2.  **Step # 1 Privileges include, but are not limited to:**

❖  WG/PG, C/C status for approximately 30 days.

❖  Emergency telephone calls only.

❖  One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.

❖  A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.

❖  Non-contact visits, if eligible; with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody. S was reviewed and cleared for double-celling, noting no history of in-cell violence.**  S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP).  S's case will be reviewed in approximately 30 days to establish future program modifications.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 have been complied with.  S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand. Next 30 day Program Review will be on 02/27/07. Next Annual Review in 06/07.

**CHAIRPERSON:  M. FOSS/UCC        J. ROBERTSON/CCI I        S. ROBERTS/EDUCATION        RECORDER: D. MELTON/CCI**

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: **01/30/07**    (MELTON)    Classification    **BMU/UCC**    **PROGRAM REVIEW**    Inst: **PBSP**

CCMS:NO/GPL:3.3

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**                    A2    252                    DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-20045 | BLOODSAW | | EPRD 04-28-2020 | PBSP | BB-209L | B07-02-0022 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS RECURRING FAILURE TO | | LOCATION | DATE | TIME |
| 3005(b) | | MEET PROGRAM EXPECTATIONS | | BB-209L | 02-22-07 | 0930 HRS |

CIRCUMSTANCES    On Thursday, February 22, 2007, at approximately 0930 hours, inmate BLOODSAW, P-20045,
BB-209L refused to attend the mandatory BMU class. Inmate BLOODSAW also refused to sign his
CDC-128B Refusal Chrono. Inmate BLOODSAW was assigned to the BMU in Committee on September 21,
2006, where the mandatory program was explained in detail. BLOODSAW received CDC-115's on
10-17-06, 10-24-06, 10-26-06, 10-30-06, 11-07-06, 12-29-06, and 01-22-07 for the same offense.
BLOODSAW has refused to attend any BMU class. BLOODSAW has also received CDC-128B Refusal
Chrono's dated 01-29-07, 02-05-07, 02-15-07, and 02-22-07 for Refusing to Attend the Mandatory
BMU Class.

This inmate is not EOP or Crisis Bed. Following current guidelines for mental health
assessments, the circumstances of this offense have been carefully evaluated. The Reviewing
Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| B. ROBERTS, TEACHER | | 2-28-07 | BMU TEACHER | S/S/B |
| REVIEWING SUPERVISOR'S SIGNATURE  E. OCHOA, SGT | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
| ► E/M. Ochoa Sgt. | 2-28-2007 | DATE | | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F (3) | 2/28/2007 | D. KAYS, LT | |
| ☒ SERIOUS | | | ► T. Kays | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ► | 5/1/7 | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ► | | | ► | | |
| HEARING | | | | | | |

(SEE ATTACHED HEARING SUMMARY)

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| R.K. BELL, LT | | ► | | | 11:50 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ► M. FOSS, FACILITY CAPTAIN | | ► R.A. COOK, A.W. (G.P.) | | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | | DATE | TIME |
| | ► | | | | |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3005(b) | 02-22-07 | PBSP | B07-02-0022 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☑ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| ☑ COPY OF CDC 115-A GIVEN INMATE | ▶ | | |

CDC 115-A (7/88)                    *— If additional space is required use supplemental pages —*

*50*

·STATE OF CALIFORNIA                                     DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                          PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-02-0022 | PBSP | April 2, 2007 |

☐SUPPLEMENTAL  ☑CONTINUATION OF:  ☐CDC 115 CIRCUMSTANCES  ☑HEARING  ☐I.E .REPORT  ☐OTHER

**Hearing**: On April 2, 2007, at approximately 1030 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of staff witness (C/O M. Popow) to his refusal was completed.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The disciplinary was served on the inmate within 15 days of discovery. However, the hearing has not been held within 30 days of service on the inmate. Per CCR 3320 (f)(1), time constraints have been exceeded and credit forfeiture cannot be assessed.

The behavior of this inmate was evaluated at the time the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Officer R. Mills, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Mills confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape/Photo evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of February 22, 2007.

**Finding**: Guilty of the Div. F (3) offense (CCR 3315 (a)(3)(K)) offense RECURRING FAILURE TO MEET WORK OR PROGRAM EXPECTATIONS WITHIN THE INMATE'S ABILITIES WHEN LESSER DISCIPLINARY METHODS FAILED TO CORRECT THE MISCONDUCT. This offense requires evidence that the inmate had been given instructions on meeting program expectations, it was possible for the inmate to meet these expectations and the inmate has received previous disciplinaries for this same offense or a similar offense. This finding is based upon the following preponderance of evidence:

A. The testimony of Teacher, S. Roberts in the disciplinary report of February 22, 2007, wherein Roberts testifies to the following:
    1.      Inmate BLOODSAW refused to attend the mandatory BMU class.
    2.      BLOODSAW refused to sign a CDC 128 refusal chrono.
    3.      BLOODSAW received numerous CDC 128-B's for refusing to attend class.

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| R. K. BELL | | Correctional Lieutenant | | April 2, 2007 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 4/2/07 | | TIME SIGNED: 0800 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-02-0022 | INSTITUTION PBSP | TODAY'S DATE April 2, 2007 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition:** No forfeiture was assessed as time constraints were exceeded. Referred to classification for evaluation of SHU assessment. Appeal rights were explained. BLOODSAW was referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties:** NONE

| SIGNATURE OF WRITER R. K. BELL | TITLE Correctional Lieutenant | DATE NOTICE SIGNED April 2, 2007 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 4-24-07 | TIME SIGNED: 0800 |

A2 202L

STATE OF CALIFORNIA
## RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-20045 | BLOODSAW | | ERD 04-25-2020 | PBSP | B8-209L | B07-03-0009 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(b) | RECURRING FAILURE TO MEET PROGRAM EXPECTATIONS | B8-209 | 03-05-07 | 0930 HOURS |

CIRCUMSTANCES

On Monday, March 5, 2007, at approximately 0930 hrs., inmate BLOODSAW (P-20045, B8-209L), refused to attend the mandatory BMU class. BLOODSAW refused to sign his CDC 128-B Refusal Chrono. Inmate BLOODSAW was assigned to the BMU in committee on 9-21-06, where the mandatory program was explained in detail. BLOODSAW received CDC 115s dated 10-17-06, 10-24-06, 10-26-06, 10-30-06, 12-29-06, 1-22-07, and 2-22-07 for the same offense. BLOODSAW has also received CDC 128-B Refusal Chronos dated 2-26-07, 3-1-07, and 3-5-07 for refusing to attend the mandatory BMU class.

This inmate is not EOP or Crisis Bed. Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ S. ROBERTS, TEACHER | 3-9-07 | BMU TEACHER | S/S/B |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ A. NAVARRO, SGT | 3/9/07 | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | DATE | LOC. |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F | 3/9/07 | T. WOOD, LT | | |
| ☑ SERIOUS | | | | | |

HEARING REFERRED TO: ☐ HO  ☑ SHO  ☐ SC  ☐ FC

### COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ D. ANDRUSS, C/O | 3-11-07 | 1730 | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

(SEE ATTACHED HEARING SUMMARY)

| REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| R.K. BELL, LT | | ▶ | | 1030 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ M. FOSS, FACILITY CAPTAIN | | ▶ M.A. COOK, A.W. (G.P.) | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-23045 | BLOODSAW | 3005(b) | 03-05-07 | PBSP | A07-03-0008 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☐ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE ▶ | DATE 03-11-07 |
|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | | |
| ☒ ASSIGNED | DATE 03-11-07  NAME OF STAFF  D. ANDRESS 4/6 | |
| ☐ NOT ASSIGNED | REASON | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE ▶ | DATE 03-11-07 |
|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | | |
| ☐ ASSIGNED | DATE  NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON  FINAL PER CCR 3315(d)(1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:
NONE

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

I/M REFUSED TO SIGN.

| INVESTIGATOR'S SIGNATURE ▶ | | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶  D. ANDRESS | TIME | DATE 03-11-07 |
|---|---|---|---|

CDC 115-A (7/88)

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-03-0009 | INSTITUTION PBSP | TODAY'S DATE April 9, 2007 |
|---|---|---|---|---|

☐SUPPLEMENTAL    ☑CONTINUATION OF:      ☐CDC 115 CIRCUMSTANCES    ☑HEARING     ☐I.E .REPORT    ☐OTHER

**Hearing**: On April 9, 2007, at approximately 1030 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of staff witness (C/O J. Thom and T. Wadsworth) to his refusal was completed.

**District Attorney**: This has not been referred for criminal prosecution.

**Due Process**: The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Officer D. Andruss, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Andruss confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape/Photo evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of March 5, 2007.

**Finding**: Guilty of the Div. F (3) offense (CCR 3315 (a)(3)(K)) offense RECURRING FAILURE TO MEET WORK OR PROGRAM EXPECTATIONS WITHIN THE INMATE'S ABILITIES WHEN LESSER DISCIPLINARY METHODS FAILED TO CORRECT THE MISCONDUCT. This offense requires evidence that the inmate had been given instructions on meeting program expectations, it was possible for the inmate to meet these expectations and the inmate has received previous disciplinaries for this same offense or a similar offense. This finding is based upon the following preponderance of evidence:

A. The testimony of Teacher, S. Roberts in the disciplinary report of March 5, 2007, wherein Roberts testifies to the following:
1. Inmate BLOODSAW refused to attend the mandatory BMU class.
2. BLOODSAW refused to sign a CDC 128 refusal chrono.
3. BLOODSAW received numerous CDC 128-B's for refusing to attend class.

| SIGNATURE OF WRITER R. K. BELL | TITLE Correctional Lieutenant | DATE NOTICE SIGNED April 9, 2007 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 4/24/07 | TIME SIGNED: 0800 |

47

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE   2   OF   2

| CDC NUMBER<br>P-20045 | INMATE'S NAME<br>BLOODSAW | LOG NUMBER<br>B07-03-0009 | INSTITUTION<br>PBSP | TODAY'S DATE<br>April 9, 2007 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition**: Assessed **30** day credit forfeiture for this Div. F offense.  With this notice, BLOODSAW is informed that his credit restoration period began February 23, 2007 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month).  If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration.  If he completes this restoration period disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.  With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties**: NONE

| SIGNATURE OF WRITER<br>R. K. BELL | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>April 9, 2007 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED:<br>4·24·07 | TIME SIGNED:<br>0800 |





STATE OF CALIFORNIA

## CHRONOLOGICAL HISTORY

DEPARTMENT OF CORRECTIONS

CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| NOV 2 4 1998 | **REC'D NKSP-RC** | BmR | | |
| DEC 0 8 1998 | INTAKE AUDIT | DB | EPRD | 2-7-2000 |
| JAN 22 1999 | **CTF NEW ARRIVAL** | KA | | |
| 2-5-99 | Intake Audit, WCC applied | | | |
| | thru 2-5-99 DV | KA | | |
| 6-23-99 | 30 days loss 115 dtd 6-3-99, A' eff | | | |
| | 5-22-99, WCC applied thru 5-31-99 | KA | EPRD | 2-2-99 |
| 7-5-99 | Reviewed for Compliance with PC296 | KA | | |
| 8-24-99 | 30 days loss 115 dtd 6-22-99, C | | | |
| | Status eff 8-4-99 | KA | EPRD | 1-26-2000 |
| 12-8-99 | 121 days loss 115 dtd 8-11-99, D² | | | |
| | eff 8-11-99, EPRD projected with | | | |
| | D eff 12-4-99 | KA | EPRD | 7-23-2000 |
| 12-12-99 | Transfer Audit | KA | | |
| 12-22-99 | Rec'd SQ main | BT | ½ EPRD | 7-7-00 |
| 5/02/00 | Intake/60 day Audit A-1/eff 12/30/99 | SN | | |
| 7-1-00 | Correction to T/C | OK | ½ EPRD | 7-1-00 |
| 7-3-00 | Parole Audit | OK | CDD | 7-1-03 |
| 7-4-00 | Parole to Reg III, LA Co, Englewood #2  3 days in custody | OK | DR | 7-4-00 |
| 8-2-00 | PAROLE SUSPENDED EFF____7-5-00 | | | |
| | CODE 1 | el | Suspended | |
| 9-28-00 | Arrest/Hold/Reinstate | Cla | -85 | |
| 10-16-00 | Read. Rent 3 Pitchess | Cla | | |
| 11-1-00 | Rev. Hrg. - Par Rev RTC 9 mos Elig. | Cla | PRRD | 3-27-01 |
| 11-15-00 | Rec'd. CIM/RCC | Cla | MRRD | 6/25-01 |
| 11-15-00 | Rec'd. CIM-E | Cla | CDD | 3-22-04 |
| 11-20-00 | Rec'd. CIM/RCW | Cla | DR | 3-27-02 |
| 11-29-00 | RCW Intake Audit | Cla | | |
| DEC 2 2 2000 | REC'D ISP | RB | | |

| Number | Name | | Page |
|---|---|---|---|
| 20045 | BLOODSAW, THEOPRIC K. | | 1 |

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS
**CHRONOLOGICAL HISTORY**                               CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| 1-11-2001 | Intake / 60 day pre-release CAZ | DN | PRRD | 3-27-2001 |
| 1-26-01 | Credit Code Review | LM | | |
| MAR 1 4 2001 | 10 day Pre-Release Audit  PER IM 2/80 ACTUAL DAYS IN CUSTODY THIS REVOCATION ___80___  TOTAL SERVED TO DATE ___80___ | | CDD / DR | 3-22-2004 / 3-27-2001 |
| 3-27-2001 | REVOCATION TO RELEASE Reg 3/INGLE 2/LA | MB | -21 | |
| 4-12-2001 | PAROLE SUSPENDED EFF 3-29-01  CODE 1 | M | PRRD | 10-14-01 |
| 4-19-01 | ARREST / REINSTATE | AC | MRRD | 1-14-02 |
| 5-23-01 | Revocation Hrg. Results PR RTC  9E mos. Special Condition | AC | COD / DN | 10-9-04 / 10-16-02 |
| 7-27-01 | Rec'd CIM-MIN | MP | | |
| 8-3-01 | Intake/60 day Count | A | | |
| 10-9-01 | 10 Day Ret. to Parole Audit. Total  Rev. Days served to date: 360 Days | LC | | |
| 10/16/01 | Ret. to Par. Reg III, IN#2 LA CO | BC | | |
| 11-14-01 | SUSPENDED EFF 10-12-01  CODE 2 - D, E&F  ___ TO PRISON FOR FURTHER  ___CEEDINGS | GN | 86 days  -86 days | |
| 01-11-02 | ARRESTED / REINSTATED  01-11-02 | W | PRRD | 07-30-02 |
| 3-15-02 | "S" activated  waiver  REV HEARING. RTC ___ 10 ___ MOS | W | MRRD | 11-09-02 |
| 06-24-02 | SB 16 eligible SPEC COND REAFFIRMED | W | CDD | 01-08-05 |
| 8-27-02 | PAR SUSPENDED EFF 8-12-02. code 2  RETURN TO PRISON FOR FURTHER PROCEEDINGS | 4 | DR  just | 07-30-03 |
| 11-9-02 | ARREST / Reinstate eff 11-9-02 | | -89 | |
| 12-6-02 | Rev Screening RTC 9 months | | RRD | 8-6-2003 |
| | SB16 Ineligible 0 pt | PWC | CDD | 4-7-2005 |
| 6-11-03 | Rec'd CCI IV RC PVWNT | RLB | DR | 8-6-2004 |
| 7-24-2003 | **INTAKE AUDIT** | CB | | |

Number ___   Name ___   Page ___

38 15
13 • STATE OF CALIFORNIA

## CHRONOLOGICAL HISTORY

DEPARTMENT OF CORRECTIONS
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| 7-24-2003 | **RESTITUTION ORDERED PER** LA **CO. CASE #** YA053506 **, $** 250.00 | CB | Control EPRD | 10-25-2019 |
| 7-24-2003 | PC296 DNA Required | CB | | |
| 7-24-2003 | PC3060.7 Supervision Case | CB | | |
| 11-04-2003 | BCL-30 days for CDC 115 log #1V310047, dated 10-23-2003. | dkh | eprd 11-24-2019 | |
| NOV 05 2003 | **REC'D CSP-LAC** | M? | | |
| 11-25-2003 | Intake audit | RMP | | |
| 1-29-04 | Transfer Audit | | | |
| 2-24-04 | REC'D PELICAN BAY | | | |
| 3-25-04 | Intake Audit | CH | | |
| 3-11-05 | PC296 Complete per OBIS | CH | | |
| 4-27-05 | BCL 30 days, log# A0503073 dtd 3-28-05 Discharge LA County Case #YA034031 at STAT-MAX date 4-4-2005, remains on LA County Case #YA053506. | CH | eprd 12-24-19 | |
| 3-29-06 | BCL 30 days log# A06020050 dtd 2/23/06 | M | EPRD | 1-23-20 |
| 3-29-06 | 'C' status eff 7-14-04 thru 6-9-05 per 128g dtd 7-29-04; 'D2' eff 6-10-05 thru 8-2-05 per 128g dtd 10-18-05; | | EPRD | 4-28-20 |
| | 'C' status eff 8-3-05 per 128g dtd 10-18-05 | M | EPRD | 5-28-20 |
| 2-1-07 | BCL 30 days, Log# B07010032 dtd 12-29-06 | M | EPRD | 6-27-20 |
| 4-13-07 | BCL 30 days, Log# B07010077 dtd 1-22-07 | M | EPRD | 7-27-20 |
| 4-25-07 | BCL 30 days, Log 307030009 dtd 3-5-07 | M | EPRD | 12-24-20 |
| 4-30-07 | BCL 150 days, Log B07040031 dtd 4-12-07 | M | EPRD | 5-27-21 |
| 5-7-07 | D1 eff 4-12-07 per 128g dtd 4-19-07 | M | | |

| Number | Name | Page |
|--------|------|------|
| P20045 | Bloodsaw, THEOPRIC Kent | 1b |

BOARD OF PRISON TERMS

**SUMMARY OF REVOCATION HEARING AND DECISION**

(BPT Rules, Chapter 6, Article 3)

| | STATE OF CALIFORNIA |
|---|---|
| MRRD | 11-07-02 |
| PAROLE REVOCATION RELEASE DATE | 07-30-02 |
| CONTROLLING DISCH. DATE | 01-08-05 |
| DISCH. REVIEW DATE | 07-30-03 |

## I. PRELIMINARY INFORMATION

**A. TYPE OF HEARING**

[X] Revocation
[ ] Revocation Extension
[ ] Revocation: Psychiatric Treatment
[ ] Prerevocation

**B. LOCATION OF HEARING:** ............ S A C O

Parolee in Custody at time of Hearing

[X] Yes        [ ] No

**C. BASIS FOR CHARGES**

[X] Parole Violation Report, dated  1-23-02
[ ] Other ...........................
.................. dated ..............

**D. OPTIONAL WAIVER**    [ ] Yes    [X] No

Date signed by parolee .......... Date of BPT action ..........

Assessment .................. [ ] Ineligible    [ ] Eligible
(Check one)

**E. LEGAL DATA**

[ ] The crime for which the parolee was committed to prison occurred on or before 12-31-78.
[X] The crime for which the parolee was committed to prison occurred on or after 1-1-79.
Date of arrest on current parole violation charge(s) .......... 1-11-02
Date hold was placed on current parole violation charge(s) .......... 1-11-02

**F. PRESENT AT HEARING**

1. [X] Parolee (If parolee absent, why?) ............ TESTIFIED
2. [X] Hearing Officer(s)  Thomas Wadkins D.C. (NAMES)
3. [X] Attorney    [ ] Waived    [ ] Disapproved    Name  Rossoy
4. [X] Agent of Record  Williams — TESTIFIED (NAME OR REASON IF NOT PRESENT)
5. [X] Hearing Agent  Vincente (NAME OR REASON IF NOT PRESENT)
6. [ ] Observer(s) ............ (NAME AND ORGANIZATION)

**G. WITNESSES**

| Present | | Name | Notified | | Wit. Desig.** | | If absent, state specific reason. |
|---|---|---|---|---|---|---|---|
| Yes | No | | *Meth. | Date | Stat. | Req. | |
| | X | Detective Mark Renfrow | TT | 6-18 | A | S | FTA—unknown |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**\*NOTIFICATION METHOD**

M = Memo    PC = Personal Contact
L = Letter    Sp = Subpoena
Ph = Phone    TT = Teletype

**\*\*USE ABBREVIATION FOR WITNESS DESIGNATION:**

Status:  A = Adverse    Requested By:  S = State
F = Friendly    P = Parolee
V = Victim

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| Bloodshaw, Theopric  P20045 | Duglez-III | | 6-24-02 |

WHITE—C FILE
CANARY—BPT
PINK—PAROLEE
GOLDENROD—AGENT OF RECORD

BPT 1103 (REV. 3/90)        Page 1 of ____ Pages        **PERMANENT ADDENDA**

• BOARD OF PRISON TERMS

STATE OF CALIFORNIA

# SUMMARY OF REVOCATION HEARING AND DECISION

**I. Preliminary Information (Cont.)**

H.  HEARING        [ ] CANCELLED        [ ] POSTPONED
    REASON:

[ ] Atty. Unavailable          [ ] Parolee Ret'd to Prison        [ ] Interpreter Needed
[ ] Parolee Unavailable        [ ] Parolee Signed Waiver          [ ] Psych. Evaluation
[ ] Witness Unavailable        [ ] Parolee Request                [ ] Add'l. Witness/Testimony

[ ] Other: ....................................................................................................

Specify witnesses/documents needed for next hearing: ..................................................

I.  OBJECTIONS  [✓] None    [✓] Yes    **State objections (s) and panel's ruling and reasons on continuation sheet.**

## II. SUMMARY OF FINDINGS

A.  ADMISSIONS/DENIALS AND FINDINGS

1.  Charges                                                    2. Plea                3. Findings

| Charge# | Code | Brief Description of Conduct | Admit | Deny | No Plea | Good Cause | No Good Cause | Dismiss |
|---------|------|------------------------------|-------|------|---------|------------|---------------|---------|
| 1 | 021 | Absconding | | ✓ | | ✓ | | |
| 2 | 452 | Battery on a peace officer | | ✓ | | | | ✓ |
| 3 | 972 | Vandalism | | ✓ | | | | ✗ |
| 4 | 010 | Failed to attend POC | ✗ | | | | | ✗ |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4.  Charges Amended to Read (Complete 5 below)

| Charge# | Code | Brief Description as Amended | Amended Prior to Plea | Prior to Finding |
|---------|------|------------------------------|-----------------------|------------------|
| | | | | |
| | | | | |
| | | | | |

5.  Reason for amending Charges (Show charge # and reason): ..................................................

....................................................................................................

NAME                          CDC NUMBER              INST/REGION                    HEARING DATE

Bloodshaw, Theopric    P20045      Single 2        6-24-02

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

**PERMANENT ADDENDA**

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### III. REASON FOR DECISION

Basis for Conclusion: Ch #2, 3, 4 — Dismissed    No witness + spec. condition.

AOR Testified Parolee released on 10-16-01 and failed to Report to PCSD BPT suspended parole on 11-14-01 of 10-17-01 Parolee Believe he was not on parole. Ch #1 — Good Cause Found Based upon Testimony By Respondent & Evidence.

Basis for Disposition:

Cont Case: 4350 (PR)    Prior Comm: 459 PC (1st) -1990.    Init Rel Date: 7-4-00
RTC on 9-28-00 for Fail To Register 1590
RTC on 4-19-01    Absconding.
    AOR Parolee never Reported PCSD
Parolee states he understands he is on parole
10 Months RTC Based upon PV offense 2nd Termer, and 3rd RTC.

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| Bloodshaw Thupric | P20045 | Dingle 2/III | 6-24-02 |

BPT 1103 (REV 3/90)

Page 3 of 6 Pages

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

**PERMANENT ADDENDA**

· BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### IV. SUMMARY OF DISPOSITION

A. [X] Hold Status:
1. [ ] Place Hold      2. [X] Retain Hold
3. [ ] Remove Hold Not Later Than ................................ _(DATE)_

B. [ ] Remaining Period of Parole Waived
Discharge Effective ................................ _(DATE)_

C. [ ] Continue on Parole

D. [X] Parole Revoked. Return to Custody
(10) TEN ................................ Months

E. [ ] Parole Revocation Period Extended:
................................ days

F. [ ] Parole Revoked. Return to Custody
................................ Months for Psychiatric Treatment

G. Eligibility for Credits
[X] Eligible      [ ] Ineligible
Reason for Ineligibility (PC§3057(d)(2)):
[ ] Commitment offense (Specify) ................................
[ ] Revocation offense (Specify) ................................
[ ] Violation of parole condition (Specify) ................................
[ ] Sentenced under PC §1168 (Specify) ................................
[ ] Unsuitable for credits because of PC §3057 (d)(2)(E)
[ ] Prior criminal history
[ ] Circumstances and gravity of parole violation
Specify reason: ................................
................................
................................
................................
................................
................................

H. Optional Waivers
[ ] Previous BPT Action of ................................ _(DATE)_ is:
1. [ ] Rescinded      2. [ ] Reaffirmed

I. [ ] Other ................................ _(SPECIFY)_
................................
................................
................................

J. [ ] Special Conditions of Parole
[ ] All current conditions reaffirmed

| | No Alcohol | ANT | POC | Other |
|---|---|---|---|---|
| Added | | | | |
| Deleted | | | | |

K. Instructions to CDC Staff/Reasons for special conditions of parole: 1073 Complete

NOTE: CDC RECORDS SEE ATTACHED Document NO Revision for Inspection to See IF Parolee is on Parole per Parolee's request BPT Has Ruled Parolee is on Parole per Court Records

---

**BPT HEARING PANEL**

NAME: Thomas Webb 6-24-0

NAME:

DECISION REVIEWED BY:

NAME
Bloodshaw
Thupric

BPT 1103 (REV. 3/90)

**REVOCATION HEARING TIME (MINUTES)**
1. Prehearing Prep. Time: ................................
2. Actual Hearing Time: ................................
3. Report Completion Time: ................................
4. Other (Specify): 30 minutes on Report W/T
Total (b 2 30 min)

| CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|
| P2.0045 | Single 2/III | 6-24-02 |

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

Page 4 of 1/ Pages

**PERMANENT ADDENDA**

BOARD OF PRISON TERMS                                                STATE OF CALIFORNIA

CONTINUATION SHEET

| CONTINUATION FOR: | SECTION |
|---|---|
| BPT FORM NO. | SUBSECTION |

MOTION: TIMELYNESS #ISSUE. Hold
Date was 1-11-02. Case
Prejudice just Because of prejudic
parolee's life.

DECISION: MOTION Denied — ATTORNEY ARTICULATED
No prejudice to Parolee's CASE. 45 day
rule is a guideline not mandate
Dismissal. DC Dismissed
Ch#2+3+4 where Denied of any witness
No Prejudice as to ASSISTANCE

MOTION — Parolee states he is not on Parole
ATTORNEY Presented Count Minute
ORDER + AB 3 TOZACT of Judgment
DECISION
MOTION is Denied — Minute ORDER
Shows Court sent Parolee to
Prison for Probation REVOCATION
3 prior RTS  PCSP  CDC
records Show a PRB CASE
RTC  CDC Records are calculated
CDD  to be 2004.

| NAME | NUMBER | INSTI/REGION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| BLOODSHAW Theoprice | P30045 | Ione | III | 6-24-02 |

BPT 1082 (Rev. 8/15/80)

PERMANENT ADDENDA

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

## CENTRAL OFFICE CALENDAR DECISION

### 1.  REPORTS REVIEWED

| | | |
|---|---|---|
| | A. PAROLE VIOLATION REPORT OF _____ REVIEWED (DATE) | E. PSYCHIATRIC REPORT OF _____ REVIEWED (DATE) |
| X | B. PAROLE VIOLATION REPORT (PAL) OF 08/21/02 REVIEWED (DATE) | F. DISCHARGE REPORT OF _____ REVIEWED (DATE) |
| | C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF _____ REVIEWED (DATE) | G. RETAIN ON PAROLE REPORT OF _____ REVIEWED (DATE) |
| | D. DISCIPLINARY REPORT OF _____ REVIEWED (DATE) | H. OTHER REPORT OF _____ REVIEWED (DATE) |

### 2.  PAROLE STATUS

| | | |
|---|---|---|
| X | A. PAROLE SUSPENDED EFFECTIVE 8 12 02 (DATE) | C. REINSTATE ON PAROLE EFFECTIVE _____ (DATE) |
| | B. CONTINUE ON PAROLE | D. OTHER _____ |

### 3.  SCHEDULE FOR FURTHER PROCEEDINGS

| | | |
|---|---|---|
| | A. SCHEDULE FOR REVOCATION PROCEEDINGS  1. ☐ EXTENSION   2. ☐ PSYCH. ATTN.   3. ☐ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| X | B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | D. HOLD  ☐ PLACE   ☐ RETAIN   ☐ REMOVE |

### 4.  OTHER DECISIONS

| | | |
|---|---|---|
| | A. CANCEL WANT  REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS PENDING REVOCATION EXTENSION HEARING |
| | B. REAFFIRM ACTION OF _____ (DATE) | H. PAROLE PERIOD EXTENDED TO ☐ 18 Mos.  ☐ 4 Yrs. PENDING REVOCATION HEARING |
| X | C. RESCIND ACTION OF _____ (DATE) | I. ENTER NCIC WARRANT PER BPT § 2714 (b)(1)   ( D, F, G ) FILL IN APPROPRIATE SUBSECTION |
| | D. DISCHARGE  1. ☐ BPT § 2535   ☐ § 2713 (c)  2. ☐ TO ALLOW _____ AUTHORITIES EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM ISSUE IN CALIFORNIA WARRANT |
| | E. RETAIN ON PAROLE  BPT RULE 2535 (d)   ( _____ ) | K. MISCELLANEOUS |
| | F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME _____

NAME _____                                            1/22/02  DECISION DATE

| NAME | NUMBER | INSTITUTION/REGION | UNIT | DECISION DATE |
|---|---|---|---|---|
| Bloodshaw, Theopric | P20045 | P&CSD/REG3 | Ingle2 | |

HW:jt

BPT 1130 (Rev. 5/5/98)    ☐   SEE COMMENTS ON REVERSE SIDE    PERMANENT ADDR

BOARD OF PRISON TERMS                                                          STATE OF CALIFORNIA

## CENTRAL OFFICE CALENDAR DECISION

### 1. REPORTS REVIEWED

| | | |
|---|---|---|
| | A. PAROLE VIOLATION REPORT OF _____ REVIEWED ____(DATE)____ | E. PSYCHIATRIC REPORT OF _____ REVIEWED ____(DATE)____ |
| | B. PAROLE VIOLATION REPORT (PAL) OF _____ REVIEWED ____(DATE)____ | F. DISCHARGE REPORT OF _____ REVIEWED ____(DATE)____ |
| X | C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF  11-26-02  PAL dated 8-22-02  REVIEWED | G. RETAIN ON PAROLE REPORT OF _____ REVIEWED ____(DATE)____ |
| | D. DISCIPLINARY REPORT OF _____ REVIEWED ____(DATE)____ | H. OTHER REPORT OF _____ REVIEWED ____(DATE)____ |

### 2. PAROLE STATUS

| | | |
|---|---|---|
| | A. PAROLE SUSPENDED EFFECTIVE ____(DATE)____ | X  C. REINSTATE ON PAROLE EFFECTIVE  11-9-02  ____(DATE)____ |
| | B. CONTINUE ON PAROLE | X  D. OTHER  Cancel Want  Remove Warrant from File |

### 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | | |
|---|---|---|
| X | A. SCHEDULE FOR REVOCATION PROCEEDINGS  1. ☐ EXTENSION   2. ☐ PSYCH. ATTN.  3. ☒ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| | B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | X  D. HOLD  ☐ PLACE   ☒ RETAIN   ☐ REMOVE |

### 4. OTHER DECISIONS

| | | |
|---|---|---|
| | A. CANCEL WANT  REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS  PENDING REVOCATION EXTENSION HEARING |
| | B. REAFFIRM ACTION OF _____ ____(DATE)____ | H. PAROLE PERIOD EXTENDED TO  ☐ 18 Mos.   ☐ 4 Yrs.  PENDING REVOCATION HEARING |
| | C. RESCIND ACTION OF _____ ____(DATE)____ | I. ENTER NCIC WARRANT PER  BPT § 2714 (b)(1)  ( _____ )  ( FILL IN APPROPRIATE SUBSECTION ) |
| | D. DISCHARGE  1. ☐ BPT § 2535   ☐ § 2713 (c)  2. ☐ TO ALLOW _____ AUTHORITIES  EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM  ISSUE IN CALIFORNIA WARRANT |
| | E. RETAIN ON PAROLE  BPT RULE 2535 (d)   ( _____ ) | K. MISCELLANEOUS |
| | F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME _____

NAME _____

| NAME  BLOODSHAW, THEOPRIC | NUMBER  P20045 | INSTITUTION/REGION  P&CSD/III | UNIT  Ingle2 | DECISION DATE |
|---|---|---|---|---|

BPT 1130 (Rev. 5/5/98)          ☐   SEE COMMENTS ON REVERSE SIDE

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## WAIVER OF REVOCATION HEARING

### RIGHT TO REVOCATION HEARING

I understand that the Board of Prison Terms (Board) may order a revocation hearing scheduled for me based on a parole violation report dated
_11/21/82_ . I understand that I have the right to a parole revocation hearing within a reasonable time from the placement of the hold or the case conference if I am not under a hold. At the revocation hearing, I may contest the charges in the parole violation report. I may request witnesses to testify at the revocation hearing. I may be entitled to representation by an attorney at state expense if I am indigent. At the revocation hearing, the Board may find good cause to believe I have violated parole and may order my return to custody for a maximum of six (6) months if the crime for which I was committed to prison occurred on or before December 31, 1978, or 12 months if the crime for which I was committed to prison occurred on or after January 1, 1979. Any period of confinement served will be added to my parole period, but the total will not exceed the maximum period specified by law. If my parole is revoked, I shall be ineligible for discharge review until I complete one year of continuous parole beginning on the date of my release from the revocation period. However, I will be discharged at such time as my maximum discharge date is reached, if that date comes first.

### REQUEST FOR REVOCATION HEARING

☐ I request a revocation hearing and make the following pleas with regard to this hearing.

By making an admission to the charge(s), I understand that I am waiving my right to contest the charge, to request and question witnesses who may have information in regard to the charge, and to present documentary evidence which may pertain to the charge.
I also understand that an admission to the charge(s) does not affect my right to present evidence in mitigation as to why my parole should not be revoked.

| 1. I Admit Charge(s) (Specify which) | 2. I Deny Charge(s) (Specify which) | 3. I Neither Admit nor Deny Charge(s) (Spec. which) |
|---|---|---|
| | | |

| Signature of Parolee | | CDC Number | Date |
|---|---|---|---|
| | | | |
| Name and Title of CDC Employee (Print) | Signature of CDC Employee | | Date |
| T. HENNER, HSA BPA | Neil Kurns | | 1/3/83 |

### WAIVER OF REVOCATION HEARING (UNCONDITIONAL)

☐ I wish to waive my revocation hearing. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board will decide if there is good cause to believe I have violated parole and, if so, will make the appropriate disposition without a hearing or a personal appearance by me.

If waiver is acceptance of Revocation Screening Offer, check this box ☐ and complete the following:

Offer of _____ months or _____ days    INELIGIBLE    ELIGIBLE  (Circle one.)

| Signature | CDC Number | Date |
|---|---|---|
| | | |

### WAIVER OF REVOCATION HEARING (OPTIONAL)

Ken An

☒ I wish to waive my revocation hearing because a criminal prosecution is pending against me. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board has determined there is good cause to believe I have violated parole and has made an appropriate disposition without a hearing or a personal appearance by me as a result of this waiver.

I may later request a hearing. The request for hearing must be received by the Board no more than 15 days following sentencing or final disposition in the criminal proceedings and no later than two months before expiration of the revocation period ordered by the Board. At the hearing the Board may take any appropriate action. [CCR, Title 15, Sec. 2641(b)]

| Signature | CDC Number | Date |
|---|---|---|
| T. Bloodshaw | P 200 45 | 1/3/3 |
| NAME  BLOODSHAW, THEOPRIC | CDC NUMBER  P 20045 | INST/REGION  ING. H2/III |

BPT 1101 (Rev.10/98)

Distribution: White-C File, Canary-Parolee, Pink-Other

BOARD OF PRISON TERMS
STATE OF CALIFORNIA

SUMMARY OF REVOCATION DECISION:
HEARING WAIVED / SCREENING OFFER

*Records Office Use Only*
Projected Revocation Release Date
8-6-03
Revocation Release Date
8-6-03
Controlling Discharge Date
4-7-05
Discharge Review Date
8-6-04

### I. PRELIMINARY INFORMATION

**A.** Type of Hearing
REVOCATION

**B.** Basis for Charges
Parole Violation Report, Dated: 26-NOV-2002
CDC Rules Violation Report, Dated:
Other                    Dated:

**C.** Admissions/Denials
Date Signed by Parolee: 06-DEC-2002
Date of BPT Action: 06-DEC-2002

Assessment: 9I

**D.** Legal Data
Arrest Date: 09-NOV-2002    Hold Date: 09-NOV-2002

### II. DECISION

**A.** [X] Hold Status - RETAIN
**B.** SATCU/SATU: [ ] Approved [ ] Denied
**C.** Continue on Parole [ ] Dismiss [ ] Prop36
**D.** [ ] Schedule for Revocation Proceedings
**E.** [ ] Schedule for Revocation Extension Proceedings
**F.** Miscellaneous Action

**G.** [X] Parole Revoked-Return to Custody: 9 months
[X] Serve consecutively
Revocation Period Extended: 0 days
[ ] Time Served:            to
**H.** Attorney [ ] Conduct Determination [ ] Assignment
Reason

**3057 Credits**
[ ] Eligible
[X] Ineligible 3057d-1
[ ] Ineligible 3057(d)(2)(E)
[X] Parole Violation  241 PC
[ ] Commitment Offense
Specify Reason

[ ] Prior Criminal History
[ ] Circumstances & Gravity of Parole Violation

**H.** Special Cond. of Parole: [X] Noted [ ] Reaffirmed [ ] Amended

|          | Add/Mod/Del | Reason |
|----------|-------------|--------|
| No Alcohol | ------ |  |
| ANT | ------ |  |
| POC for Eval | ------ |  |

Other Special Condition

Reason

**I.** Instructions to CDC or P&CSD Staff

Commissioner/Deputy Commissioner Signature        Date
*[signature]*                                      06-DEC-2002

### PAROLEE ACKNOWLEDGEMENT

[ ] 1. I accept the above return to custody order (Section F) and unconditionally waive my rights to contest the charges against me or have a hearing.
[ ] 2. I reject the above order (Section F) and request a revocation hearing.
[X] 3. I accept the above order and optionally waive my right to a hearing.

Parolee Signature  *T. Bloodshaw*        Date  1/3/3
Witness Signature  *[signature]*         Date  1/3/03

NAME
BLOODSHAW, THEOPRIC

CDC NUMBER
P20045

INST/REGION / AGENT
INGLEWOOD 2 / 3
WILLIAMS, HERM

SCREEN DATE
06-DEC-2002

06-DEC-2002 04:18 PM
BPT 1104 (Rev. 7/88) Electronic                Page 1 of 3        PERMANENT ADDENDUM

BOARD OF PRISON TERMS                                                                STATE OF CALIFORNIA

## SUMMARY OF REVOCATION DECISION: HEARING WAIVED / SCREENING OFFER

### III. SUMMARY OF FINDINGS AND DISPOSITION

A. Reports and Documents Considered:

☐ Parole Violation                    ☐ Police Report - Date:
☐ CDC Rules Violation                        Agency:
☐ Other (specify):

B. Findings

| Charge Number | Code Number | Charge Specified | Findings | Evidence Considered/ Relied Upon | Other (specify) | Rev Ext |
|---|---|---|---|---|---|---|
| 1. | 021 | Absconding parole supervision | GOOD CAUSE | 3 | | |
| 2. | 947 | Failure to register per H&S 11590 | GOOD CAUSE | 3 | | |
| 3. | 413 | Assault on peace officer | GOOD CAUSE | 6 | | |

1. Court Conviction        3. Agent's Statements        5. Witnesses' Statements        7. Laboratory Analysis
2. Parolee Admits          4. Physical Evidence          6. Victim's Statements          8. Other (specify)

C. Reasons for Disposition and Documents Considered

[X] Summary of Adjustment    ☐ C-File    ☐ POR    ☐ CII/FBI    ☐ Other:

Need for Reconfinement Based Upon the Following Factors:

☐ Return to Drugs - Readdiction - Need for Dry-Out - Detoxification

☐ Involved in Felonious Behavior that Mandates a Substantial RTC

☐ Continuation of Same Behavior that Caused Parolee's Prison Confinement

☐ Inability/Unwillingness to Conform to the Expectations and Requirements of Parole/CDC

☐ Parolee's Involvement in Distribution and/or Sales of Controlled Substances

[X] Parolee's Unlawful Behavior and/or Activity Makes Him/Her a Liability to the Community

☐ Parolee's Behavior and Conduct Requires Treatment in a Controlled Environment

Other Reasons/Comments

| NAME | CDC NUMBER | INST/REGION / AGENT | SCREEN DATE |
|---|---|---|---|
| BLOODSHAW, THEOPRIC | P20045 | INGLEWOOD 2 / 3 WILLIAMS, HERM | 06-DEC-2002 |

06-DEC-2002 04:18 PM

BPT 1104 (Rev. 7/88) Electronic                    Page 2 of 3                    PERMANENT ADDENDUM

BOARD OF PRSION TERMS

## SUMMARY OF REVOCATION DECISON: HEARING WAIVED/SCREEN OFFER

ADA

Special Needs: **CCCMS**

| NAME | CDC NUMBER | INST/REGION/AGENT | SCREEN DATE |
|------|-----------|-------------------|-------------|
| BLOODSHAW, THEOPRIC | P20045 | INGLEWOOD 2 / 3<br>WILLIAMS, HERM | 06-DEC-2002 |

06-DEC-2002 04:18 PM

BPT 1104 (Rev. 7/88) Electronic                     Page 3 of 3                     PERMANENT ADDENDUM

BOARD OF PRISON TERMS                                          STATE OF CALIFORNIA
BPT 1073 - NOTICE AND REQUEST FOR REASONABLE ACCOMMODATION

| I. | PRE-INTERVIEW FILE REVIEW (STAFF ONLY) |
|---|---|

Documents verifying/identifying disability: (Check all verifying documents and attach copies to 1073.)

☐ CDC 128C ☐ CDC 128C-1 ☐ CDC 128C-2 ☐ CDC 611 ☐ CDC 1845 ☐ CDC 1515 ☐ Current BPT 1073

☐ CDC 128B (TABE 4.0 or lower) Score/GPL_____ ☐ Other documents_____ ☐ No verifying documents in file

☐Accommodation is required for effective communication and/or access (enter type, i.e., sign language, interpreter, staff assistance, assistive listening device, alternate accessible location, etc): _CCMS /RIC_

| II. PRISONER/PAROLEE RIGHTS & SELF IDENTIFICATION |
|---|

The Americans with Disabilities Act (ADA) is a law to help people with disabilities. Disabilities are problems that make it harder for some people to see, hear, breathe, talk, walk, learn, think, work, or take care of themselves than it is for others. Nobody can be kept out of public places or activities because of a disability. If you have a disability, you have the right to ask for help to get ready for your BPT hearing, get to the hearing, talk, read forms and papers, and understand the hearing process. BPT will look at what you ask for to make sure that you have a disability, that is covered by the ADA, and that you have asked for the right kind of help. If you do not get help, or if you don't think you got the kind of help you need, ask for a BPT 1074 Grievance Form. You can also get help to fill it out.

☐ I **do not** have a disability. (Sign and date at the "X" below.)

☑ I **do** have a disability.

**My disability is:**

☐ Seeing        ☐ Talking        ☐ Reading ☐ Hearing        ☐ Walking

☐ Understanding/Learning        ☐ Mental Problems ☐ Other_____

**I need help for my parole hearing:** (Check all boxes that apply to you)

☐ Reading        ☐ Understanding        ☐ Talking

☐ Hearing Device (type)_____        ☐ Wheelchair or _____

☐ Visual Aids/optical device (type)_____        ☐ Walking

☐ Sign language Interpreter (type)_____        ☐ Other _____

☑ Attorney                                    ☐ I do not need help for my parole hearing.

X _Ti Bloodsaw_                    X _____
   Prisoner/Parolee Signature        CDC #        Date Signed

| III. INITIAL SERVICE OF RIGHTS (STAFF ONLY) |
|---|

I have informed prisoner/parolee of the above information, and any relevant charges, and have determined that he/she: ☐ Appears to understand. ☑ Appears to have difficulty understanding.
☐ **Non—English Speaking** (indicate language):_____

☐ **EFFECTIVE COMMUNICATION METHOD USED:** (Sign language interpreter, staff assistance, assistive device, alternate accessible location, etc.)
Comments:_____ _CCMS_ _____

_____                    _1/12/08_
Staff Name and Title, (please print)    Staff Signature        Date

| IV. REVIEW INDICATING NO CHANGES | | | | |
|---|---|---|---|---|
| TYPE OF HEARING | PRINT NAME AND WRITE INITIALS | TITLE | INSTITUTION/REGION | DATE |
| | | | | |
| | | | | |
| | | | | |

NAME _Bloodsaw_ CDC# _____, TYPE OF HEARING _Theopric_    DATE OF HEARING        LOCATION

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACK /SCHEDULING REQUEST
CDC 1676 (4/91)*

DISTRIBUTION    DEPARTMENT OF CORRECTIONS
ORIGINAL - BOARD REPORT
1ST COPY - R.H.C

REPORT TO:  ☐ BOARD OF PRISON TERMS
            ☐ NARCOTIC ADDICT EVALUATION AUTHORITY

2ND COPY - H.A.
3RD COPY - PAROLEE
4TH COPY - U.S.

| CDC NUMBER | NAME (LAST, FIRST, MI) | | NAME BOOKED AS | REGION/UNIT | | CSTCU - ST | |
|---|---|---|---|---|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | | SAME | III/Ingle #2 | | ☐ YES | ☐ NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS | | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|---|
| 11/09/02 | LASO Lennox | ☒ MANDATORY | ☐ NON-MANDATORY | 7475221/LACJ |

| ARREST CODE * | ARREST CODES |
|---|---|
| B | A   P&CSD STAFF ALONE                          B   LAW ENFORCEMENT AGENCY ALONE<br>AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY    D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 11/09/02 | 11/13/02 | N/A | Herm Williams | PAL | PAL | |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| 1.  Absconding (021) | 4. |
| 2.  Failure to Register per 11590 (917) | 5. |
| 3.  Assault on Peace Officer (413) | 6. |

| REASON FOR RETAINING PAROLE HOLD  PAROLEE DANGER TO: | DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|---|
| ☒ ABSCOND  ☐ SELF  ☐ PROPERTY-OTHERS  ☒ SAFETY-OTHERS | | |

## DISABILITY CONCERNS

**PSYCHIATRIC:**  Mr. Bloodshaw has been classified as CCMS.

**PHYSICAL:**  Per North Kern State Institutional Summary and CDC 128C-1 date 11/3/98 gastric problem, Mr. Bloodshaw also has heart alert medication required.

**DEVELOPMENTAL:**  Per North Kern State Institutions Summary claims completion of the 10th grade.

## SUPPLEMENTAL REPORT TO A PAL REPORT dated 8/22/02.

## SUPPORTING EVIDENCE:

**CHARGE #1:**  On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, for our PAL Warrant #2020827547.  He was also arrested for circumstances in Charge #3.  On 8/09/02 Mr. Bloodshaw RRD from Los Angeles county Jail with reporting instructions for 8/12/02 at 12:00 pm.  He failed to report and on 8/27/02 I submitted a PAL report to the Board of Prison Terms.  On 08/27/02 the hearing panel acted to suspended his parole effective 8/12/02.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing.

**CHARGE #2:**  On 11/09/02, Mr. Bloodshaw was arrested by Lennox LASO, for circumstances in Charges #1 & #3.  On 08/09/02 Mr. Bloodshaw RRD from L.A. County Jail, he failed to register per 11590 during the period 8/09/02 through 11/09/02.  Mr. Bloodshaw signed form SS8048 for narcotic offender registration per 11590 H&S on 08/24/99.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**CHARGE #3:**  On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, after discovering a Parolee at Large Warrant for him.  During the arrest Mr. Bloodshaw attacked one of the arresting deputies and attempted to gouge out his eyes, punched the Deputy repeatedly and maintained a

| PAROLEES NAME | | CDC NUMBER |
|---|---|---|
| | BLOODSHAW, THEOPRIC | P20045 |

grappling hold on the deputy, on the ground.  His partner and addition units were needed to secure Mr. Bloodshaw and to protect the Deputies.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**ATTACHMENTS**:  LASO incident report #4-02-11545-0399-057

**COURT INFORMATION**:  Inglewood Court 12/04/02 Case #YA053506, Charge ADW on a peace officer/not a firearm (GBI) 245 (C ) P.C..

**WITNESSES**:  Parole Agent Herm Williams can testify to circumstances in Charges 1 and 2 LASO Deputies Hoodye, Sean #796 and Sato, Brad #260210 can testify to circumstances in Charge #3.

SUMMARY OF PAROLE ADJUS___ENT                                                                                    DEPARTMENT OF CORRECTIONS
CDC 1521-B (1/91)

## ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | 11/26/02 |

### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|---|
| Burglary 1st | | 459 PC | 01/12/90 |
| | | | |
| | | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| Anti-Narcotic Testing.<br>POC - Parole Outpatient Clinic | 7/4/00 | 08/09/02 |

### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| Transient | Unknown | Transient |

### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR: - TO: | POSITION HELD |
|---|---|---|---|
| Unknown | Unknown | Unknown | Unknown |

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Mr. Bloodshaw is a second termer for Possession of a Controlled Substance. The Subject has prior convictions for 484(A) Theft of Person 3/8/89, 666PC Petty Theft 8/21/89, 459 PC Burglary 12/27/89, 11550(A) H&S Under the Influence of C/S 4/18/94, 245(A) PC ADW 2/27/95, 602(J) PC Trespass, Injure Property, 602(J) PC Trespass; Injure Property, and 11550(A) H&S, Under the Influence of C/S 1/6/97.

There has not been a parole adjustment as Mr. Bloodshaw absconded when paroled.

| PAROLEE'S NAME | | CDC NUMBER |
|---|---|---|
| | BLOODSHAW, THEOPRIC | P20045 |

```
LEGAL STATUS SUMMARY  TYPE-   D     PSP      ** DISCREPANT **11/21/2007 21:33
```

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| P20045 | BLOODSAW,THEOPRIC,KENT | BLA | 06/24/1958 |

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
|---|---|---|---|---|
| 06/11/2003 | 11/27/2023 | 09/02/2021 | 11/27/2023 | 09/02/2021 |

```
                                              |  PAROLE PERIOD
BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM 21/04  |  3 YRS
```

```
PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT
```

| CASE | P2900-5 | P1203-3 | P2900-1 | CRC-CRED | MH-CRED | P4019 | P2931 | POST-SENT | TOT |
|---|---|---|---|---|---|---|---|---|---|
| YA053506 | 185 | | | | | 92 | | 28 | 305 |

```
PC296 DNA COMPLETED
```

| RECV DT/ CNT | COUNTY/ OFF-CODE | CASE DESCRIPTION | SENTENCE DATE | CREDIT CODE | OFFENSE DATE |
|---|---|---|---|---|---|

```
CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
6/11/2003  LA    YA053506           5/13/2003  NO STRIKES: 2
                 01 P667.5(B) PPT-NV                     3
                 01 P667(A)    01 PFC SERIOUS            3
   01 P245(C)
                 ADW ON PO OR FIREMAN                    3    11/08/2002
                 (U)WPN
   02 P243(C)(2)
                 BATT ON PO                    CS        3    11/08/2002
                 (U)WPN
   03 P422
                 TERRORIST THREAT              CS        3    11/08/2002
   04 P203
                 MAYHEM                        CS        3    11/08/2002
                 ATT
   05 P203
                 MAYHEM                        CS        3    11/08/2002
                 ATT
```

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | DAYS ASSESS | LOST | REST | DEAD |
|---|---|---|---|---|---|---|---|---|
| BEG | 11/24/1998 | | ******BEG BAL******* | | | | | |
| ADD | 06/11/2003 | | YA053506 | | | | | |
| BCL | 10/23/2003 | | IV3100472 | 3062(H) | 30 | 30 | | |
| ADD | 06/11/2003 | | YA053506 | | | | | |
| BCL | 03/28/2005 | | A05030073 | 3005B | 30 | 30 | | |

```
       ****** CONTINUED *******
```

LEGAL STATUS SUMMARY --CONTINUATION--     PAGE     2

| CDC NUMBER | NAME |
|---|---|
| P20045 | BLOODSAW,THEOPRIC,KENT |

```
ADD 06/11/2003              YA053506
BCL 02/23/2006              A06020050 3005B          30    30
ADD 06/11/2003              YA053506
BCL 12/29/2006              B07010032 3005B          30    30
BCL 01/22/2007              B07010077 3005C          30    30
BCL 03/05/2007              B07030009 3005C          30    30
BCL 04/12/2007              B07040031 3005C         150   150
ADD 06/11/2003              YA053506
ADD 06/11/2003              YA053506
ADD 06/11/2003              YA053506
BCL 10/03/2007              E07100003 3005(B)        30    30
ADD 06/11/2003              YA053506
BCL 10/25/2007              E07100013 3017           30    30
ADD 06/11/2003              YA053506
     CURRENT PC BALANCE:        0          CURRENT BC BALANCE:      816
```

STATE OF CALIFORNIA
CALCULATION WORKSHEET
OBIS CREDIT CODES 3, 4, OR 6
CDC 1897E. Electronic (04/00)

DEPARTMENT OF CORRECTIONS

## CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 3 (20%). When the offense is a violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%), or 6 (15%) if a second-stike violent offense.

### Section A - Original EPRD Calculation

| | |
|---|---|
| 1. Start Date | 6-11-03 |
| 2. Plus Time Imposed | + 21/04 |
| | = 10-11-24 |
| 3. Minus Pre/Postsentence Credit | - 305 |
| | = 12-11-23 |
| 4. Minus Vested Credit [PC 667(e) divide by 2] [PC 2933.1 divide by 5.66] (round down) | 14 |
| | = 11-27-23 |
| 5. Plus Dead Time | + |
| 6. Equals Maximum Date | = 11-27-23 |
| 7. Minus Start Date (Line 1) | - 6-11-03 |
| 8. Equals days to serve | = 7474 |
| 9. Minus Dead Time | - |
| 10. Equals Days Where Credit May Be Applied | = 7474 |
| 11. Equals CDC Conduct Credit (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down) | = 1494 |
| 12. Maximum Date (Line 6) | 11-27-23 |
| 13. Minus CDC Conduct Credit (Line 11) | 1494 |
| 14. Equals Original EPRD | = 10-25-19 |

### Section B - Days "C" or "D2" From Start Date through Original EPRD (Do not include C/D2 time that occurs after the original ERPD)

| From | Thru* | Number of Days** |
|---|---|---|
| 7-14-04 | 6-9-05 c/c | 331 |
| 6-10-05 | 8-2-05 D2 | 54 |
| 8-3-05 | 4-11-07 c/c | 617 |
| | | |
| | | |
| | | |

Total Days "C" and/or "D2" From Start Date to Original EPRD — 1002

Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) = 250

*If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date.

**Number of Days equals "THRU" date minus "FROM" date plus 1 day.

### Section C - Credit Losses and Restorations

| Date of CDC 115 | Loss | Restored | Net Loss |
|---|---|---|---|
| Total Losses | | | 330 |
| | | | |
| | | | |
| | | | |
| Net Credit Losses | | | 330 |

### Section D: Calculating Adjusted EPRD

| | |
|---|---|
| 1. Original EPRD (from Section A, Line 14) | 10-25-19 |
| 2. Plus Credit Not Applied While C/D2 (from Section B) | + 250 |
| 3. Plus Net Credit Lost (from Section C) | + 330 |
| 4. Equals Adjusted EPRD (cannot exceed Maximum Date): | = 5-27-21 |
| 5. Minus Maximum Date (from Section A, Line 6) | |
| 6. Equals Excess Credit Loss to Apply to Next Period Being Calculated*** | |

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), substract the Maximum Date from the Adusted EPRD which equals the days lost to apply to the next period being calculated.

| CALCULATED BY (Name and Title) M. Dodd   CCRA | DATE 5-7-07 |
|---|---|
| INMATE'S NAME Bloodshaw, T | CDC NUMBER P20045 | LOCATION PBSP |

EXHIBIT



State of California

# Memorandum

Date  : November 6, 2007

### DA DISMISS
(AND DETAINER REMOVAL)

To  : M. D. Yax
Associate Warden
Central Services

From  : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

**69**  **Resisting or Deterring an Officer**
**4501.5**  **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

**COUNT I  4501.5 Battery Upon a Person not a Prisoner**
**COUNT II  69  Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on October 26, 2007, the case was dismissed by the court, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Security Squad
Inmate
OTC Desk
CLO File

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
**CDC414-D (Rev 10/98)**

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

INMATE'S NAME                                    CDC NUMBER

## REASON(S) FOR PLACEMENT *(PART A)*

☐ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY    ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:   /   /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | | TITLE |
|---|---|---|---|---|
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
| ☐ INMATE REFUSED TO SIGN | | INMATE SIGNATURE | | CDC NUMBER |

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)                     ### INVESTIGATIVE EMPLOYEE (IE)

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | ☐ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☐ YES ☐ NO |
| FLUENT IN ENGLISH? | ☒ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☒ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☒ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | |

Any "NO" requires SA assigment                     Any "NO" may require IE assignment

☐ NOT ASSIGNED                     ☐ NOT ASSIGNED

### INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   ☒ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE                     DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** ☐ RELEASE TO UNIT/FACILITY____    ☐ RETAIN PENDING ICC REVIEW   ☐ DOUBLE CELL   ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

DATE FAXED: 04-17-07

STATE OF CALIFORNIA

CCOMS:NO   GPL:3.3

## RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20047 | BURKHALTER | 5 25 7020 | | | B07-04-0031 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (c) | Battery on a Peace Officer | | 04-12-07 | 1255 HOURS |

CIRCUMSTANCES

On 04-12-07 at approximately 1255 hours inmate BURKHALTER when ... (text largely illegible)

This inmate is not EOP or CCMS Bed. Following current guidelines for Mental Health Assessment, the circumstances of this offense have been carefully evaluated. This reviewing supervisor has concluded that a ...

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. Sloan | 4-17-07 | | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| A. NAVARRO, SGT | 4/17/07 | DATE  4/13/07 | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | B | 4/17/07 | P. TERRY, LT | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

### COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | R. MILLS, C/O | | | |

| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | R. MILLS, C/O | | | R. MILLS, C/O | | |

HEARING

RVR B05-07-04-0144

(SEE ATTACHED HEARING SUMMARY)

Mental Health Assessment is not required

| REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME)  J. DIGGLE, LT | SIGNATURE | DATE 5-?-07 | TIME 1930 |
| REVIEWED BY: (SIGNATURE)  M. FOSS, FACILITY CAPTAIN | DATE | | |
| | CHIEF DISCIPLINARY OFFICER'S SIGNATURE  M.A. COOK, A.W. (G.P.) | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE)  McCormick C/O | DATE 04/27/07 | TIME 730 |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3005(c) | 04-12-07 | PBSP | B07-04-0031 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☐ I REVOKE my request for postponement. | | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☒ ASSIGNED | DATE 4/11/07 | NAME OF STAFF | 4-20-07 |
| | | C/O REASSIGNED TO C/O LEVEQUE | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON  DNMC  Per  3315 (d)(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)

If additional space is required use supplemental...

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE ___1___ OF ___2___

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-04-0031 | INSTITUTION PBSP | TODAY'S DATE 4/23/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL   ☑CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☑HEARING   ☐I.E .REPORT   ☐OTHER

**Hearing**: On 04-21-2007 at approximately 1930 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O C. Speaker and C/O J. Keeling) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised by the Staff Assistant prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. The Staff Assistant informed him that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer C. Leveque, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Leveque confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape and photographic evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 04-12-2007 as well as the incident report.

**Finding**: Guilty of the Div. B (1) offense BATTERY ON A PEACE OFFICER. *Battery* means the deliberate use of force or violence on the person of another. Battery includes intentionally striking the person of another as well as the clothing or any object closely associated with that person. If the battery is unintentional, the inmate remains responsible if it is the result of reckless indifference. *Reckless indifference* means that any reasonable person committing the intended action would understand that battery was probable. This offense also requires that the victim of this battery qualify as a peace officer. In general, this means custody, counseling, administrative and MTA staff members. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer J. Thom, in the disciplinary report of 04-12-2007, wherein Officer Thom testifies that on 04-12-2007, at approximately 1855 hours, He and Officer Holmes were issuing legal mail to BLOODSAW from the floor officer's station. BLOODSAW seemed agitated when he entered the officer's station. Officer Thom and Officer

| SIGNATURE OF WRITER J. DIGGLE | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 4/23/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE ___2___ OF ___2___

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-04-0031 | INSTITUTION PBSP | TODAY'S DATE 4/23/07 |
|---|---|---|---|---|

☐ SUPPLEMENTAL   ☑ CONTINUATION OF:   ☐ CDC 115 CIRCUMSTANCES   ☑ HEARING   ☐ I.E. REPORT   ☐ OTHER

Holmes attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive, and started yelling, "Fuck you, fuck you, you white motherfuckers, you can suck my dick." Officer Thom and Officer Holmes gave BLOODSAW a direct order to return to his cell. Officer Thom escorted BLOODSAW back to A section. BLOODSAW was still yelling and cursing, when approximately two feet from the A section door he turned left into a bladed stance. Officer Thom ordered BLOODSAW to get down. Instead, BLOODSAW took a step toward Officer Thom. Officer Thom grabbed BLOODSAW by the front of his shirt with his right hand and wrapped his left hand around BLOODSAW's upper body, pulling BLOODSAW down. With the help of Officer Holmes, they placed BLOODSAW on the floor in the prone position. BLOODSAW continued to fight, refusing numerous orders to submit to handcuffs. Officer Thom pulled BLOODSAW's right hand behind his back so Officer Holmes could place handcuffs on BLOODSAW. BLOODSAW kicked Officer Thom in the right knee while the officers were trying to restrain him.

B.   The 837C Crime / Incident report written by Correctional Officer T. Holmes, where Officer Holmes states that at some point during the incident, he sustained an injury to his right ring finger. The 7219 Medical Report of Injury reflects that Officer Holmes had swelling to his right ring finger.

C.   The fact that BLOODSAW kicked Officer Thom in the right knee clearly supports the charge of battery.

**Disposition:** Assessed **150** day credit forfeiture for this Div. B offense. Referred to classification for SHU assessment. BLOODSAW is referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties:** None

| SIGNATURE OF WRITER J. DIGGLE | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 4/23/07 |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 – COVER SHEET
CDCR 837 – A (Rev. 07/05)

| PAGE 1 OF 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |
|---|---|---|---|

| INSTITUTION PBSP | FACILITY B | FACILITY LEVEL ☐ I ☐ II / ☐ III ☒ IV | INCIDENT SITE B-8 | LOCATION Rotunda | ☐ ASU ☐ SHU ☐ PSU / ☐ SNY ☐ PHU ☐ CTC / ☒ GP ☐ RC | SEG YARD ☐ ASU ☐ WA ☐ RM | USE OF FORCE ☒ YES ☐ NO |
|---|---|---|---|---|---|---|---|

SPECIFIC CRIME / INCIDENT: **BATTERY ON A PEACE OFFICER**     ☒ CCR ☐ PC ☐ N/A     NUMBER/SUBSECTION: **3005 (c)**

| D.A REFERRAL ELIGIBLE ☒ YES ☐ NO | CRISIS RESPONSE TEAM ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUESTED ☐ YES ☒ NO | PIO/AA NOTIFIED ☒ YES ☐ NO |
|---|---|---|---|

RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE TYPE: | | WEAPON: | WARNING# | EFFECT # | TYPE: NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD |
| ☐ OTHER | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER |
| | ☒ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM |
| | ☐ KNIFE | | LAUNCHER: | | | STINGER: |
| ☒ N/A | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) |
| ESCAPES | ☐ SPEAR | | ☐ 40 MM | | | EXACT IMPACT |
| | ☐ SLASHING INSTRUMENT: (TYPE) _____ | | ☐ 40 MM MULTI | | | CTS 4557 |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT: (TYPE) _____ | | ☐ HFWRS | | | XM 1006 |
| ☐ W/O FORCE | ☐ OTHER. | | FORCE: | | | CHEMICAL: |
| ☐ ATTEMPTED | ☐ BODILY FLUID ☐ OTHER FLUID _____ | | ☐ EXPANDABLE BATON | | | ☐ OC |
| | ☐ UNKNOWN LIQUID | | ☒ PHYSICAL FORCE | | | ☐ CN |
| ☒ N/A | ☐ N/A | | ☐ X10 | | | ☐ CS |
| | | | ☐ OTHER: | | | ☐ N/A |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY   LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: | | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

<u>SUSPECTS:</u> BLOODSAW, P-20045, B8-101L

<u>VICTIMS:</u> Officer J. Thom, Officer T. Holmes

COMPLETE SYNOPSIS / SUMMARY ON PART A1     Reviewed By: Facility Captain M. Foss

| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

*16*

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | | | INCIDENT LOG NUMBER |
|---|---|---|---|
| STATE OF CALIFORNIA **PART A1 – SUPPLEMENT** CDCR 837 – A1 (07/05) | PAGE | 2 OF 5 | PBP-B08-07-04-0144 |

| INSTITUTION Pelican Bay State Prison | FACILITY B | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |
|---|---|---|---|

| TYPE OF INFORMATION | | | |
|---|---|---|---|
| ☒ SYNOPSIS/SUMMARY OF INCIDENT | ☐ SUPPLEMENTAL INFORMATION | ☐ AMENDED INFORMATION | ☐ CLOSURE REPORT |

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

| | | | |
|---|---|---|---|
| | | Reviewed By: Facility Captain M. Foss | |
| ☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1 | | | |
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

17

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

| | | | |
|---|---|---|---|
| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT,A. . | Correctional Sergeant |
| | | CHAPMAN,C. . | Correctional Officer |
| | | HOLMES,T. . | Correctional Officer |
| | | NORTHRUP,L. . | Corrrectional Officer |
| | | SILVA,J. . | Correctional Officer |
| | | THOM,J. . | Correctional Officer |
| | | WADSWORTH,T. . | Correctional Officer |
| | | KEYS,J. . | MTA |

18

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|------|---|----|----|----|

| NAME, LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Pepiot | A. | L. | 4-12-07 | 1855 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 370376 | Facility B Program Sergeant | 5 Years 06 Months | 4-12-07 | B 8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| F/S | 1400-2200 | Battery on Peace Officer | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE  S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | (s) BLOODSAW P-20045 | B8-101L |
| ☒ RESPONDER | (s)C/O T. Holmes | | | |
| ☐ WITNESS | (s) C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | | | | | TYPE: |
| ☐ PHYSICAL | | NO: | NO: | TYPE: | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | ☐ L8 | | ☐ CS | |
| BY YOU | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN   ☐ OTHER | ☒ NO |

NARRATIVE:

    On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF  A. Pepiot | TITLE Sergeant. | BADGE # 64308 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

19

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| | | |
|---|---|---|
| PAGE | 1 OF 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |

| NAME: LAST HOLMES | FIRST T. | MI R. | INCIDENT DATE 04/12/07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

| POST # 371628 | POSITION B8 FLOOR OFFICER | YEARS OF SERVICE 4 Years 5 Months | DATE OF REPORT 04/12/07 | LOCATION OF INCIDENT B8 ROTUNDA |
|---|---|---|---|---|

| RDO's S/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON A PEACE OFFICER | CCR SECTION / RULE 3005 (c) | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY ☒ RESPONDER ☐ WITNESS ☐ VICTIM ☐ CAMERA | (S) C/O J. THOM (S) C/O L. NORTHRUP (S) C/O C. CHAPMAN (S) SGT. A. PEPIOT | (S)C/O T. WADSWORTH (S) C/O J. SILVA | (S) BLOODSAW | (P20045, B8-101L) |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE | NO: ☐ MINI-14 ☐ 9 MM ☐ 38 CAL ☐ SHOTGUN | NO: ☐ 37 MM ☐ 40 MM ☐ LB ☐ 40 MULTI ☐ HFWRS ☐ BATON | TYPE: | TYPE: ☐ OC ☐ CN ☐ CS ☐ OTHER: | |
| FORCE OBSERVED BY YOU ☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE | ☒ N/A | | | ☒ N/A | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☒ YES ☐ NO | SPRAINED RIGHT RING FINGER ☐ N/A | B-FACILITY MEDICAL CLINIC ☐ N/A | ☐ BODILY ☐ UNKNOWN ☐ OTHER _____ | ☒ N/A | ☒ YES ☐ NO |

NARRATIVE:
ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

✷ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 66538 | DATE 4/12/07 |
|---|---|---|---|
| J. Holmes | | | |

| NAME AND TITLE OF REVIEWER (PRINT/SIGNATURE) A. Pepiot SGT Pepiot | DATE RECEIVED 4-12-07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

20

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C1 – SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | | MI |
|---|---|---|---|

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT  ☐ ADDITIONAL INFORMATION  ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONEDNEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP.   C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET.   C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP.    AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT.  THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| *[signature]* | C/O | 66538 | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Pepiot  SGT  *[signature]* | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

Distribution    Original Incident Package    Copy Reporting Employee    Copy Reviewing Supervisor

STATE OF CALIFORNIA                                        DEPARTMENT OF CORRECTIONS AND REHABILITATION
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_    INCIDENT LOG NUMBER: PBP-08-07-04-0144

| NAME: LAST Northrup | FIRST L | MI W | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

| POST # 371620 | POSITION B-7 floor | YEARS OF SERVICE 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B-8 |
|---|---|---|---|---|

| RDO S/S | DUTY HOURS 14-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on Peace Officer | CCR SECTION / RULE 3005 (C) | ☐ |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | Sgt A. Peprot (S) | |
| ☒ RESPONDER | C/o T. Holmes (S) | |
| ☐ WITNESS | C/o J. Thom (S) | |
| ☐ VICTIM | C/o C. Chapman (S) | |
| ☐ CAMERA | C/o T. Wadsworth (S) | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|---|
| ☐ WEAPON | NO: | NO: | TYPE: | TYPE: |
| ☒ PHYSICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC |
| ☐ CHEMICAL | ☐ 9 MM | ☐ 40 MM | | ☐ CN |
| ☐ NONE | ☐ 38 CAL | ☐ LB | | ☐ CS |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: |
| ☐ WEAPON | | ☐ HFWRS | | ☒ N/A |
| ☒ PHYSICAL | | ☐ BATON | | |
| ☐ CHEMICAL | ☒ N/A | | | |
| ☐ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN   ☐ OTHER: | ☒ NO |

**NARRATIVE:** On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and beligerant while arguing. He began to yell obscenities at C/o thom stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home". As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # 65647 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 4-12-07 | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

22

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST _Northrup_    FIRST _L_    MI _W_

TYPE OF INFORMATION:
[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out the door toward "A" section to ensure he went strait back to his cell. I began talking to C/o Holmes, St.11 inside the office, when I heard C/o Thom yell "get down". I immediately ran out of the office behind C/o Holmes and observed C/o Thom and I/m Bloodsaw clenched together struggling. C/o Holmes was in front of me and grabbed Bloodsaws upper body area and assisted in taking Bloodsaw to the ground. While on the ground Bloodsaw continued resisting by kicking his feet up and down and back and forth. C/o Thom and C/o Holmes were struggling with Bloodsaws upper body so I grabbed his feet in an attempt to subdue them. Bloodsaw continued to attempt to kick me so I placed my full upper body weight on his legs. I heard C/o Holmes order Bloodsaw to "Cuff up" "give me your arm" and continued to struggle before placing him in handcuffs. As responding staff arrived I began yelling for someone to get me some leg irons. C/o C. Chapman then stepped forward and placed Bloodsaw in leg irons. I then heard Sergeant A. Pepiot say "get him up, take him to the hobby shop." C/o Holmes was on his left side with C/o Thom on his right side. They assisted Bloodsaw to his feet when C/o Chapman and C/o T. Wadsworth took over the escort. They escorted Bloodsaw out of B-8. this concludes my involvement in this incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF _A.W. M___    TITLE _C/o_    BADGE # _65647_    DATE _4/12-07_

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED    APPROVED    CLARIFICATION NEEDED    DATE

23

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
# CRIME / INCIDENT REPORT
# PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

INCIDENT LOG NUMBER
P13-B08-07-04-0144

| NAME: LAST Thom | FIRST James | MI C | INCIDENT DATE 4·12·07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

| POST # 271630 | POSITION B8 Activities | YEARS OF SERVICE 15 Years / Months | DATE OF REPORT 4·12·07 | LOCATION OF INCIDENT B8 Rotunda |
|---|---|---|---|---|

| RDO's 5/5/H | DUTY HOURS 0600/1400 | DESCRIPTION OF CRIME / INCIDENT Battery on a Peace Officer | CCR SECTION / RULE 3005 (c) | ☐ |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) TfO T. Holmes | (S) I/m Bloodsaw P 20045 |
| ☐ RESPONDER | (S) C/O C. Chapman | |
| ☐ WITNESS | (S) C/O T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE | NO:   NO:   TYPE: ☐ MINI-14 ___  ☐ 37 MM ___ ☐ 9 MM ___  ☐ 40 MM ___ ☐ 38 CAL ___  ☐ L8 ___ ☐ SHOTGUN ___  ☐ 40 MULTI ___ | TYPE: ☐ OC ___ ☐ CN ___ ☐ CS ___ ☐ OTHER: ___ |
| FORCE OBSERVED BY YOU ☐ WEAPON ☒ PHYSICAL ☐ CHEMICAL ☐ NONE | ☒ N/A  ☐ HFWRS ___  ☐ BATON | ☒ N/A |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES ☐ NO | Cut on right Hand and left wrist, Pain in right ☐ N/A Knee | ☐ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: | ☒ YES ☐ NO |

NARRATIVE: On 4·12·07 at approximately 1855 hours Correctional Officer I. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/o Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/o Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet befor the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF J. C. Thom | TITLE C/o | BADGE # 45669 | DATE 4·12·07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 4-12-07 | APPROVED ☐ YES ☐ NO   CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

24

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__    INCIDENT LOG NUMBER
PBP-B08-07-04-014

NAME: LAST    *Thom*                FIRST    *James*                MI    C

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took
A step towards me. I grabbed Bloodsaw by the front
of his shirt with my right hand and wrapped my left
Arm Around his upper body pulling ~~down~~ Bloodsaw down
with the help of C/o Holmes we placed Bloodsaw on the
floor in a prone position. Bloodsaw continued to fight
refusing numerous orders to cuff up. I pulled
Bloodsaw's right Arm behind his back so C/o Holmes could
place Bloodsaw in Handcuffs. It should be noted that
befor the leg irons were placed on Bloodsaw's legs he
Kicked me in the right knee. C/o's C. Chapman and
T. Wadsworth escorted Bloodsaw to the Hobby shop.
I was seen by medical staff for injuries to my hands
And right knee A 7219 Form was completed. This ends
my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF    *J. C. Thom*    TITLE    C/o    BADGE #    45669    DATE    4·12·07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED    APPROVED    CLARIFICATION NEEDED    DATE

23

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

| INCIDENT LOG NUMBER | | |
|---|---|---|
| PBP-BOP07-04-0144 | | |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J. | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 CONTROL | 4 Years  Months | 4-12-07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| F/S | 14-2200 | BATTERY ON PEACE OFFICER | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM    (S) C. CHAPMAN | (S) BLOODSAW P-20045 |
| ☐ RESPONDER | (S) T. HOLMES | |
| ☒ WITNESS | (S) L. NORTHRUP | |
| ☐ VICTIM | (SGT) WOODSWORTH | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|

FORCE USED BY YOU
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

FORCE OBSERVED BY YOU
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

WEAPONS AND SHOTS FIRED BY YOU
NO:
☐ MINI-14 _____
☐ 9 MM _____
☐ 38 CAL _____
☐ SHOTGUN _____
☒ N/A

NO:    TYPE:
☐ 37 MM _____
☐ 40 MM _____
☐ L8 _____
☐ 40 MULTI _____
☐ HFWRS _____
☐ BATON _____

CHEMICAL AGENTS USED BY YOU
TYPE:
☐ OC
☐ CN
☐ CS
☐ OTHER: _____
☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☐ N/A | ☐ N/A | ☐ YES  ☐ NO | ☐ YES  ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A ☐ UNKNOWN ☐ OTHER: | ☐ YES  ☒ NO |

NARRATIVE:

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANITY (FUCK YOU, SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION, OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DISRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 67266 | 4-12-07 |

| TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| ___ Sgt ___ | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

26

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE 2 OF 2 | INCIDENT LOG NUMBER PBP-B 08-07-04-0144 |

| NAME: LAST  Silva | FIRST  J. | MI  B |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT        [ ] CLARIFICATION OF REPORT        [ ] ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW. OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH, HE APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD BY OFFICERS; CHAPMAN AND WADSWORTH. THIS CONCLUDED MY INVOLVEMENT WITH THIS INCIDENT.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE  C/O | BADGE #  67266 | DATE  4-12-07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

27

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE ___1___ OF ___1___

| INCIDENT LOG NUMBER |
|---|
| PBP-B08-07-04-014 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371568 | B-5 Control | 4 Years 2 Months | 04·12·07 | BRAVO - 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☐ PRIMARY | S) J. THOM C/O | S) BLOODSAW | P-20045 |
| ☒ RESPONDER | T. HOLMES C/O | | |
| ☐ WITNESS | L. NORTHRUP C/O | | |
| ☐ VICTIM | T. WADSWORTH C/O | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | **NO:** | **NO:** | **TYPE:** | **TYPE:** | |
| ☐ PHYSICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC | |
| ☐ CHEMICAL | ☐ 9 MM | ☐ 40 MM | | ☐ CN | |
| ☒ NONE | ☐ 38 CAL | ☐ L8 | | ☐ CS | |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | ☐ HFWRS | | ☒ N/A | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN  ☐ OTHER: | ☒ NO |

NARRATIVE: ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8·101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/O T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/O L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/O T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| C/O C. Chapman | C/O | 67045 | 04·12·07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| A. Point SGT / Point | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

28

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE **1** OF **2**

| INCIDENT LOG NUMBER |
|---|
| PBP. B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| WADSWORTH | T | P | 4-12-07 | 1855 |

POST # 37162 / ~~271579~~   POSITION B7 FLOOR #2   YEARS OF SERVICE 12 Years 10 Months   DATE OF REPORT 4-12-07   LOCATION OF INCIDENT B8 ROTUNDA

RDO's S/S   DUTY HOURS 1400-2200   DESCRIPTION OF CRIME / INCIDENT BATTERY ON A PEACE OFFICER   CCR SECTION / RULE 3005 (c) ☐

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/O | (S) BLOODSAW   P-20045 |
| ☒ RESPONDER | (S) T. HOLMES C/O | B8-101L |
| ☐ WITNESS | (S) L. NORTHRUP C/O | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | NO: | NO:   TYPE: | TYPE: |
| ☐ PHYSICAL | ☐ MINI-14 | ☐ 37 MM | ☐ OC |
| ☐ CHEMICAL | ☐ 9 MM | ☐ 40 MM | ☐ CN |
| ☒ NONE | ☐ 38 CAL | ☐ L8 | ☐ CS |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ 40 MULTI | ☐ OTHER: |
| ☐ WEAPON | | ☐ HFWRS | ☒ N/A |
| ☐ PHYSICAL | | ☐ BATON | |
| ☐ CHEMICAL | ☒ N/A | | |
| ☒ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE: ON THURSDAY, APRIL 12th 2007 AT APPROXIMATELY 1855 HOURS
WHILE WORKING AS B7 FLOOR OFFICER #2, I RESPONDED TO A PERSONEL
ALARM IN UNIT B8. AS I ENTERED THE ROTUNDA AREA OF B8, I
OBSERVED THREE OFFICERS AND ONE INMATE ON THE FLOOR NEXT
TO HOLDING CELL NUMBER TWO. OFFICER J. THOM WAS HOLDING
THE UPPER RIGHT(S) ~~LEFT~~ SIDE OF INMATE BLOODSAW P-20045 AGAINST THE
FLOOR. OFFICER T. HOLMES WAS HOLDING THE UPPER ~~RIGHT~~ LEFT(S) SIDE
OF BLOODSAW AGAINST THE FLOORE. OFFICER L. NORTHRUP WAS
HOLDING BLOODSAWS LEGS DOWN. I NOTICED THAT BLOODSAW HAD
ALREADY BEEN PLACED IN HANDCUFFS. WHEN OFFICER C. CHAPMAN
PLACED LEG RESTRAINTS ON BLOODSAW. OFFICER C. CHAPMAN
AND MYSELF ESCORTED BLOODSAW OUT OF THE UNIT AND PLACED HIM

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| T. Wadsworth | C/O | 49538 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Tiepot SET / Product | 4/12/07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

29

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP- B08-07-04-0144

NAME: LAST
Wadsworth,

FIRST
T

MI
P

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING
CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
T. W—

TITLE
C/O

BADGE #
49538

DATE
4-12-07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE

30

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | | DATE |
|---|---|---|---|---|---|
| PBSP | B8 | (USE OF FORCE) INJURY UNUSUAL OCCURRENCE | ON THE JOB INJURY PRE AD/SEG ADMISSION | | 4-12-07 |

| THIS SECTION FOR INMATE ONLY | NAME LAST Bloodsaw | FIRST Theotric | | CDC NUMBER P20045 | HOUSING LOC. B8-10? | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST | FIRST | | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME LAST | FIRST | MIDDLE | DOB | OCCUPATION | |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE B8 Rotunda | DATE/TIME OF OCCURRENCE 4-12-07 / 1855 | NAME OF WITNESS(ES) Custody Staff | |
|---|---|---|---|
| TIME NOTIFIED 1855 | TIME SEEN 1900 | ESCORTED BY | MODE OF ARRIVAL (circle) LITTER WHEELCHAIR (AMBULATORY) ON SITE | AGE 48 | RACE B | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurts"   "My Knee hurts"

| INJURIES FOUND? (YES / NO) | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | (7) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES (NO) |
|---|---|
| DECONTAMINATED? | YES (NO) |
| Self-decontamination instructions given? | YES (NO) |
| Refused decontamination? | YES (NO) |
| Q 15 min. checks | N / A |
| Staff issued exposure packet? | YES (NO) |

| RN NOTIFIED/TIME Bales RN / 1920 | PHYSICIAN NOTIFIED/TIME n/a |
|---|---|

| TIME/DISPOSITION 2010 / Returned to cell from CTC, (Non-CCMS patient) | REPORT COMPLETED BY/TITLE (PRINT AND SIGN) J. Kers / [signature] MTA | BADGE # 71765 | RDOs M/T |
|---|---|---|---|

(Medical data is to be included in progress note or emergency care record filed in UHR)

6. . , .

DA# 07040144

Agency:  PBSP

5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
### DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiffs,

vs.

THEOPRIC BLOODSAW, P-20045

Defendant.

**COMPLAINT**

*Att. Alexander*
*Court ~~set~~ Date 6-14-07*

The DISTRICT ATTORNEY of the County of Del Norte, State of California, hereby charges the DEFENDANT with having committed, in the County of Del Norte, the crime of:

**COUNT 1.**
**BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the Penal Code, a felony.**
   On or about April 12, 2007, the Defendant did willfully and unlawfully being a person confined in a state prison of this state, commit a battery upon the person of Correctional Officer J. Thom , an individual who is not himself a person confined therein. (Kicked in Knee)

**COUNT 2.**
**RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal Code, a FELONY.**
   On or about April 12, 2007, the Defendant did willfully, unlawfully and knowingly resist executive officers, to-wit: Correctional Officers J. Thom and T. Holmes, in the performance of their duty by the use of force and violence .

7. . . .

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY, in violation of section 667.5(b) of the Penal Code.**

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

Katherine Micks, **DEPUTY DISTRICT ATTORNEY**

**FILED**

MAY 3 0 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

1  MICHAEL D. RIESE
   DISTRICT ATTORNEY
2  Courthouse · 450 H Street
   Crescent City, CA 95531
3  Telephone: (707) 464-7210

4              SUPERIOR COURT, OF CALIFORNIA

5                  COUNTY OF DEL NORTE

6

7  PEOPLE OF THE STATE OF CALIFORNIA,        CASE NUMBER:
                   Plaintiff,                CRPBO7-5089
8                                            **ORDER FOR TRANSPORT**
        vs.                                  **VIDEO**
9
   THEOPRIC BLOODSAW, P-20045                COURT DATE: May 31, 2007
10                  Defendant.               TIME: 8:00 a.m.

11

12  TO THE WARDEN OF PELICAN BAY STATE PRISON:

        IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior
13  court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
    State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
14  Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

    IT IF FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
15  Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16  DATED:_____ MAY 3 0 2007          _____
                                      JUDGE OF THE SUPERIOR COURT
17                                    *WILLIAM H FOLLETT*

18

19

20





STATE OF CALIFORNIA
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
CHECK ALL APPLICABLE BOXES

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| BLOODSAW | P20045 | PBSP | AZ 202L | 8/1/07 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| [X] Inmate self-identifies to staff  [ ] Third party evaluation request | [ ] Blind/Vision Impaired   [ ] Speech Impaired |
| [ ] Observation by staff  [ ] Medical documentation or Central File information | [X] Deaf/Hearing Impaired   [ ] Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. [ ] **FULL TIME WHEELCHAIR USER - DPW** Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. [ ] **INTERMITTENT WHEELCHAIR USER - DFO** Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. [ ] **MOBILITY IMPAIRMENT - With or Without Assistive Device** (Wheelchairs shall not be prescribed) - **DPM** Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. [ ] **MOBILITY IMPAIRMENT (Lower Extremities) - DNM** Walks 100 yards without pause with or without assistive devices. [ ] No Housing Restrictions   [ ] See HOUSING RESTRICTIONS in Section E [ ] Requires relatively level terrain and no obstructions in path of travel. *Do not place at:* CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____ ) |
| 4. [ ] **DEAF/HEARING IMPAIRMENT - DPH** Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. [X] **HEARING IMPAIRMENT - DNH** With residual hearing at a functional level with hearing aid(s). |
| 5. [ ] **BLIND/VISION IMPAIRMENT - DPV** Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. [ ] **SPEECH IMPAIRMENT - DPS** Does not communicate effectively speaking or in writing. | 6. [ ] **SPEECH IMPAIRMENT - DNS** Does not communicate effectively speaking, but does when writing. |

| SECTION E: ADDITIONAL MEDICAL INFORMATION | |
|---|---|
| **CSR ALERT:** | **HEALTH CARE APPLIANCE / IDENTIFICATION VEST:** |
| [ ] Requires relatively level terrain and no obstructions in path of travel | [ ] Cane  [ ] Crutch  [ ] Walker  [ ] Leg/Arm prosthesis  [ ] Vest |
| [ ] Complex medical needs affecting placement  [ ] CDC 128-C _____ | [ ] Other: _____   [ ] CDC 128-C(s) dated: _____ |
| **ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:** | **OTHER DPP DESIGNATIONS:** |
| [ ] Feeding or Eating  [ ] Bathing  [ ] Grooming  [ ] W/C transferring | [ ] **NONE** _____ ; _____ |
| [ ] Toileting  [ ] Other: _____  [ ] CDC 128-C(s) dated: _____ |      CODE   DATED   CODE   DATED |
| **HOUSING RESTRICTIONS:** [ ] Lower bunk  [ ] No stairs  [ ] No triple bunk. CDC 128-C(s) dated: _____ | |

| SECTION F: EXCLUSIONS |
|---|
| [ ] **VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED:** My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____). |
| [ ] **REMOVAL FROM A DPP CODE:** Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.) |
| [ ] **REMOVAL FROM ENTIRE PROGRAM:** Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.) |

| SECTION G: EFFECTIVE COMMUNICATION FACTORS |
|---|
| [ ] Uses Sign Language Interpreter (SLI)  [ ] Reads Braille  [ ] Communicates with written notes  [ ] Requires large print or magnifier |
| [ ] Reads lips  [X] NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD |

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

*Has good fuction & hearing aids ~ does not need vest*

| PHYSICIAN'S (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| M.C. SAYRE | M C Sayre | 8/1/07 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
| M.C. SAYRE | M C Sayre | 8/1/07 |

NOTE: After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the OHR, send the inmate copy via institutions and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

State of California                                                    DEPARTMENT OF CORRECTIONS
                                                                                    CDC 128-B

NAME and NUMBER  Bloodsaw,  P20045

This inmate has been identified as: ☐ DPH ☒ DNH ☐ DPS ☐ DNS and was interviewed as indicated below:
☒ The inmate was/was not interviewed with the assistance of a qualified sign language interpreter.
     Name of sign language interpreter _____

Primary method: (Check one) (This method shall be used for due process, delivery of health care, inmate appeals and CDC 1515)
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☒ Hearing aide(s) ☐ Assistive listening device

Alternative method(s): (Check all that apply)  I/m Request a Vest to Identify his Hearing impairm
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☐ Hearing aide(s) ☐ Assistive listening device ☒ None

V.Y. France, Sgt.          France Sgt.          X T. Bloodsaw
Interviewer's Name          Interviewer's Signature          Inmate's Signature
                                                                              & Proten
DATE: 8/16/07   NCTC - VEST  ISSUED  8/17/07  CP  CHITONIN    INST:  PBSP
          EQUALLY EFFECTIVE COMMUNICATION FOR HEARING/SPEECH IMPAIRED

ZGA   SYS'ON                          ZSTE & IIND AUND GIAIHW   02:21   1002/91/80

Health Care Services Unit Chrono

| Name: BLOODSAW, THEOPRIC | | CDC #: P20045 | | Hsg: A02U 202L | Date: 08-23-2007 |
|---|---|---|---|---|---|
| Instruction Type | Start Dt | End Dt | Provider ID | Provider | |
| LOWER BUNK | 08-29-2006 0848 | 08-29-2007 0848 | MPIMSCLMC | MALO-CLINES, FNP | |
| SHORT BEARD CHRONO | 03-07-2007 0901 | 03-06-2008 0901 | MPIMSBAF | FELLOWS, RN | |

Distribution:     Health Record        Housing Unit        CCII        File                    Inmate
*** When Appropriate, a copy shall be forwarded to Specific Clinic

| Name: BLOODSAW, THEOPRIC | CDC #: P20045 | Date: 08-23-2007 |
|---|---|---|

PBSP/Medical 128-C

NAME: Bloodsaw    NUMBER P20045    HOUSING A2-202L    PBSP-LAB-001

PELICAN BAY STATE PRISON    HEALTH CARE SERVICES UNIT

NOTIFICATION TO PATIENT OF LABORATORY TEST RESULTS    TEST DATES: 9/10/07

TYPE OF TEST:    BASIC BLOOD TESTS    HEPATITIS SCREEN    (X-RAY)    EKG
(circle test type)    OTHER:

Pelvis, hips, L-spine

YOUR TEST RESULTS WERE EVALUATED BY A PHYSICIAN AS FOLLOWS:

☐ Your test result is essentially within normal limits. No physician follow-up is required.

☐ Your test result remains unchanged an will be reviewed with you at your next Chronic Care Appointment.

☒ Your test result is not within normal limits. You will be scheduled to discuss the results with a physician.

☐ Your test result is not within normal limits. Further studies are required and have been scheduled for you. You

will receive further information on this study at a later date.

PHYSICIAN REMARKS    your xrays are cool

Malo-Clines Cheryl, M.D.

1.  HEALTH RECORD COPY    CMC
    Physician & Surgeon

2.  PATIENT COPY    09·17·07
    Date &Time

3.  PHYSICIAN COPY

## CONFIDENTIAL

NAME :    NUMBER    HOUSING    PBSP-LAB-001

NAME : *Bloodsaw*

NUMBER *P20045*

HOUSING *ASU - E1*

PBSP-LAB-001

**PELICAN BAY STATE PRISON**

**HEALTH CARE SERVICES UNIT**

**NOTIFICATION TO PATIENT OF LABORATORY TEST RESULTS**

TEST DATES: *10/18/07*

TYPE OF TEST:
(circle test type)

BASIC BLOOD TESTS
OTHER:

HEPATITIS SCREEN

(X-RAY)

EKG

*pelvis + Lt. hip*

**YOUR TEST RESULTS WERE EVALUATED BY A PHYSICIAN AS FOLLOWS:**

☐ Your test result is essentially within normal limits. No physician follow-up is required.

☐ Your test result remains unchanged an will be reviewed with you at your next Chronic Care Appointment.

☐ Your test result is not within normal limits. You will be scheduled to discuss the results with a physician.

☐ Your test result is not within normal limits. Further studies are required and have been scheduled for you. You

will receive further information on this study at a later date.

PHYSICIAN REMARKS    *unchanged*

*Williams Claire, M.D.*

1.    HEALTH RECORD COPY

2.    PATIENT COPY

3.    PHYSICIAN COPY

_____
Physician & Surgeon

*11-11-07*
_____
Date &Time

**CONFIDENTIAL**

NAME :

NUMBER

HOUSING

PBSP-LAB-001

California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric          NUMBER: E-40947          DATE: 12/17/92

DOCTOR: Hoffman                        HOUSING: 4B

SKULL SERIES, C-SPINE.

HISTORY:  Blow to head 1977.  Dizziness daily since.

SKULL SERIES.

I see no fracture, sinuses clear.

IMPRESSION:  Unremarkable skull series.

CERVICAL SPINE.

Films continue to show loss of normal cervical lordosis.  There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.

IMPRESSION:  Abnormal C-5/6 interspace.  No other significant findings identified.

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 12/22/92 ls/JG
Original: Medical Chart
        cc: X-Ray Jacket

*4*

California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric _____ NUMBER: E-40947 _____ DATE: 10/20/92

DOCTOR: Brown _____ HOUSING: 4B _____

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the ~~lateral~~ left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described, *Follow up Lateral + open mouth view Rx*

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
      cc: X-Ray Jacket

*18*

X-RAY REPORT

4 - 9 - 99

M

```
        ┌─────────────────────────────────────┐
        │    DEPARTMENT OF CORRECTIONS        │
        │ CORRECTIONAL TRAINING FACILITY      │
        └─────────────────────────────────────┘
```

| NAME: | CDC #: | CELL: | DOB: | DATE: |
|---|---|---|---|---|
| BLOODSAW, THEOPRIC | P-20045 | D4/025U | 06/24/58 | 02/26/99 |

EXAM REQUESTED:
PA AND LATERAL CHEST

CLINICAL DATA:
OLD GSW, LEFT THORAX

REFERRING PHYSICIAN:
D. GINES, M.D.

RADIOGRAPHIC REPORT:

CHEST:  PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.  BOTH LUNGS ARE WELL EXPANDED AND CLEAR.  THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY PATHOLOGY.  THE HEART IS NORMAL IN SIZE AND CONTOUR.  THERE IS NO MEDIASTINAL ADENOPATHY.

IMPRESSION:

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT UPPER HEMITHORAX.  NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.  THERE ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.

03/02/99                 NELSON PARKER, M.D.                    NHP/gj
DATE READ                   RADIOLOGIST            DATE TYPED:  04/07/99




# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A4-226  DOB: 06/25/58  DATE: 07/23/04

| | |
|---|---|
| EXAM REQUESTED: | CERVICAL SPINE |
| REQUESTING M.D.: | J. LAZORE, F.N.P. |
| CLINICAL DATA: | HISTORY OF PAIN. |
| RADIOGRAPHIC REPORT: | CERVICAL SPINE |
| FINDINGS: | There is mild a reversal of the normal cervical lordosis. |

Moderate degenerative disc disease is noted at the C5-6 and C6-C7 levels manifest by disc space narrowing and marginal osteophyte formation.

**IMPRESSION:**   **MODERATE DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7.**

ORIGINAL

07/28/04
DATE READ

CURTIS COULAM, M.D.
RADIOLOGIST

DLK
TRANSCRIBER




# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:            CERVICAL SPINE

REQUESTING M.D.:           J. LAZORE, F.N.P.

CLINICAL DATA:             NO HISTORY GIVEN

RADIOGRAPHIC REPORT:       CERVICAL SPINE

FINDINGS:                  Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at C5-6. There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

**IMPRESSION:**            1.    **REDEMONSTRATION OF DEGENERATIVE DISC DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.**
2.    **THERE IS MILD ANTERIOR SUBLUXATION OF C4 WITH RESPECT TO C5 OF APPROXIMATELY 2 MM WHICH WAS NOT SPECIFICALLY PRESENT ON THE FILMS OF 7/23/04.**

**ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.**

02/22/05                   CURTIS COULAM, M.D.                      BGR
DATE READ                  RADIOLOGIST                         TRANSCRIBER

*54*





# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:              3 VIEW LUMBAR SPINE

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              NO HISTORY GIVEN

RADIOGRAPHIC REPORT:        3 VIEW LUMBAR SPINE

FINDINGS:                   The lumbar vertebra are normally aligned and the disc spaces are well maintained.  No compression fractures are evident.  There are no arthritic changes.

**IMPRESSION:**              **NORMAL LUMBAR SPINE.**


EXAM REQUESTED:              LEFT HIP

REQUESTING M.D.:            J. LAZORE, F.N.P.

CLINICAL DATA:              NO HISTORY GIVEN

RADIOGRAPHIC REPORT:        LEFT HIP

FINDINGS:                   4-5 tiny metallic fragments are noted in the soft tissues lateral to the hip joint.  These all appear to be extra articular.

The femoral head is normally developed and normally located in the acetabulum.  The joint space is well preserved.  No significant arthritic changes are evident.

**IMPRESSION:**              **TINY METALLIC FOREIGN BODIES IN THE SOFT TISSUES LATERAL TO THE HIP.  THE HIP, PER SE IS UNREMARKABLE.**


02/22/05                    CURTIS COULAM, M.D.                    BGR
DATE READ                   RADIOLOGIST                    TRANSCRIBER

NAME ___Bloodsaw_____ NUMBER __E40947____ AGE __32___ DATE ___12/17/90___

X-RAY REQUESTED _____Left hip_____

PHYSICIAN ___A. C. Pedley, M.D.___

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90

/S

ROBERT J. BEMRICK, M.D.
RADIOLOGIST

S.C.C. X-RAY REPORT

NAME · Bloodsaw _____ NUMBER  E40947 _____ AGE ____31___ DATE ___2/16/90___

X-RAY REQUESTED ____Upper GI Series_____ PHYSICIAN _____F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal
disease or other significant abnormality except for a developmental or possibly
old minor post-traumatic deformity involving the right transverse process of
the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to
be increased prominence of the partially visualized distal antral and pyloric
folds and there is deformity of the duodenal bulb with inflammatory thickening
of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract
is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:    Findings consistent with nonerosive antral gastritis and duodenitis.

No evidence of peptic ulceration involving the upper intestinal
tract.

'B: ck
2/27/90
3/2/90

/S

Robert J. Bemrick, M.D.
Radiologist

LABORATORY REPORTS

DEPARTMENT OF CORRECTIONS
CMC-EAST HOSPITAL

NAME: **BLOODSAW, THEO**   NUMBER: **E-40947**   ROOM: **4190X**   AGE: **37**

Date Taken:  9-15-95       Date Read:  09/15/95       Ordering M.D.:  **MISSON**

**RADIOGRAPHIC REPORT**: LEFT HIP

There is evidence of fracture.  Minimal osteoarthritic spurring is present
about the inferior margin of the femoral head.

*pmc*

JBF:jag      Date:  September 16, 1995          J. FLEMING, M.D.

Date Taken: 3-30-95     Date Read: 3-31-95     Ordering M.D.:  Stevig

RADIOGRAPHIC REPORT:

CHEST:    There is no evidence of active pulmonary disease.  Small
metal fragments are present in the left upper chest.

JBF:co    Date: March 31, 1995        J. B. Fleming, M.D.

56.

 

## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC   NO. P20045   RM: A2-202L   DATE: 05/10/07

EXAM REQUESTED:              CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:            PCP CLINIC

CLINICAL DATA:              HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:        CERVICAL SPINE THREE VIEWS

FINDINGS:                   This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications. There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5. Mild arthritic changes are noted at C4-5. Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7. At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing. Lateral mass arthritic changes are noted at disc spaces above this. There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic. This is probably unchanged from the preceding study. The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

**IMPRESSION:**

1. **FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.**
2. **FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.**
3. **I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.**

05/15/07                    PHILIP GRIMM, M.D.                    DLK
DATE READ                   RADIOLOGIST                        TRANSCRIBER





# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-202L  DATE: 09/10/07

**EXAM REQUESTED:**

AP PELVIS AND BILATERAL HIPS, 2 FILMS/
3-VIEWS LUMBAR SPINE

**REQUESTING M.D.:**

PCP

**CLINICAL DATA:**

HISTORY NOT GIVEN

**RADIOGRAPHIC REPORT:**

AP PELVIS AND BILATERAL HIPS, 2 FILMS

**FINDINGS:**

This study is compared with a preceding examination from February 2005.

There are scattered areas of shrapnel in the area of the left gluteal region and hip.  These are unchanged from the previous study, although they are reported to have been associated with the right hip at the time of the previous study.  Perhaps one of these two exams has been mislabeled.

There is no soft tissue swelling or calcifications.  The SI joints and hip joints appear normal bilaterally. The bony architecture is intact.  There are no sclerotic or lytic changes.

**IMPRESSION:**

**NO ACUTE BONY TRAUMA OR ARTHRITIC CHANGES ARE RECOGNIZED.  SCATTERED PRESUMED SHRAPNEL IS NOTED IN THE VICINITY OF WHAT IS THOUGHT TO BE THE LEFT HIP.  OTHERWISE, NEGATIVE.**

Page 1

PHILIP GRIMM, M.D.
RADIOLOGIST

JLP
TRANSCRIBER

09/11/07
DATE READ

# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES



NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: ASU-E1  DATE: 10/18/07

**EXAM REQUESTED:**
AP OF PELVIS AND LATERAL EXAMINATION OF THE LEFT HIP/THREE-VIEWS

**REQUESTING M.D.:**
PCP

**CLINICAL DATA:**
HISTORY OF PAIN

**RADIOGRAPHIC REPORT:**
AP OF PELVIS AND LATERAL EXAMINATION OF THE LEFT HIP/THREE-VIEWS

**FINDINGS:**
This study is compared with films taken in September 2007.

In the approximately one month interval since the previous study, little if any change is seen. There is some minimal shrapnel in the immediate vicinity of the left hip, and it is possible that some of the shrapnel fragments are closely associated with the joint capsule, but none are thought to lie within the joint capsule. Mild arthritic changes are recognized, but the underlying bony architecture is intact, and no obvious acute pathology is seen. No obvious acute trauma is recognized. If there is persistent pain, perhaps a nuclear medicine bone scan or even an MRI study would be helpful.

**IMPRESSION:**
**THE FINDINGS ARE SIMILAR TO THAT OF ONE MONTH BEFORE. EVIDENCE OF PREVIOUS GUNSHOT WOUND IN THE IMMEDIATE VICINITY OF THE LEFT HIP IS SEEN, BUT NO ACUTE PATHOLOGY IS APPRECIATED.**

PHILIP GRIMM, M.D.
RADIOLOGIST

COPY

JLP
TRANSCRIBER

10/30/07
DATE READ

Complete

And

Correct

Thank's

ME: _Bloodsaw, Theopric_

C NO: _P20045_ HOUSING: _ASU-E_

ELICAN BAY STATE PRISON
O. BOX 7500
RESCENT CITY, CA 95532

UNITED STATES POSTAGE
$ 04.9
02 1M
000421 7666
MAILED FROM ZIP CODE 955

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

RECEIVED

JAN 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



United States District
Northern District of C
ATTN: Clerk
450 Golden Gate